# CHARLESTON.

## STATE v. SULLIVAN.

Submitted March 8, 1904.   Decided April 1, 1904.

1. CRIMINAL TRIAL—*Evidence.*

    On a trial of Sullivan for maliciously shooting White a warrant for the arrest of Sullivan sworn out by White is admissible evidence for the State to show grudge and malice on the part of Sullivan.   (p. 598.)

2. JURY—*Trial.*

    If a new trial depends upon the weight of testimony, or inferences from it, the jury are exclusively and almost uncontrolably the judges.   (p. 599.)

3. JURY—*Evidence—New Trial.*

    Where some evidence has been given to sustain a verdict a new trial will not be granted merely because the case is somewhat doubtful, or the judge, if a juror, would have found a different verdict.   The evidence must be plainly, manifestly insufficient, and the verdict work injustice.   This applies *a fortiori* to an appellate court.   (p. 599.)

4. NEW TRIAL—*Insufficient Evidence.*

    The Supreme Court may in some instances grant a new trial even on conflicting evidence, but should do so rarely and with the utmost caution.   It should do so only where the verdict plainly works wrong and injustice.   (p. 600.)

5. NEW TRIAL—*Insufficient Evidence.*

    A verdict should not be set aside when the evidence is contradictory, if after the evidence has been considerd most favorably to the verdict, it does not still appear that the verdict is plainly not warranted by the evidence.   (p. 600.)

6. NEW TRIAL—*Circuit Court.*

    The opinion of a circuit court refusing a new trial dependent on oral evidence involving only questions of fact, is very forcible in the appellate court.   (p. 600.)

Error to Circuit Court, Mingo County.

Wayne Sullivan was convicted of maliciously shooting and brings error.                                        *Affirmed.*

JOHN S. MARCUM, for plaintiff in error.

The ATTORNEY GENERAL, for the State.

BRANNON, JUDGE:

Wayne Sullivan was sentenced to the penitentiary for two

years by the circuit court of Mingo county upon an indictment for maliciously shooting John White. One complaint of Sullivan against the conviction is that the State gave in evidence a warrant issued by a justice for the arrest of Sullivan upon a charge of adultery, which the justice had committed to the hands of White to be executed. The warrant was sworn out by White. The charge being one of malicious shooting, this warrant was competent to show grudge and malice on the part of Sullivan. The fact that White made the charge might naturally excite grudge and malice in the breast of Sullivan, and tend to show intentional, malicious shooting.

Sullivan complains that the court refused a new trial. Again and again this Court is expected to perform the function of a jury and the circuit court upon purely questions of fact. The shooting is admitted by Sullivan; but he sets up self defense. That is peculiarly one of fact in this case, and proper for a jury. State v. Newman, 49 W. Va. 724.

White had in his hands a warrant for the arrest of Wayne Sullivan which had been given him by the justice to execute. Harve Sullivan, brother of the defendant, had received from another justice a warrant to arrest White for the petty offense of contempt to a justice in failing to return all papers in his hands to the justice, it being ascertained that he was not a bonded constable. Harve Sullivan was made a special constable to execute this warrant, and summoned Wayne Sullivan, a brother, and John Justice, brother-in-law, to assist. They went to White's home, Harve armed with a pistol, Wayne with a 44 Winchester rifle. White saw them coming, seized a mountain rifle and stood in his door, and warned them not to come in. He also had a pistol, which in the battle he tried to fire, but it snapped. It does not appear that he knew they had a warrant. He and his wife and son say he cocked the gun, and he accidentally touched the trigger and it went off. They swear he did not shoot at Sullivans. The Sullivans say he did. Both the Sullivans fired on White while in his house. One ball passed in the back part of the house. A ball from Wayne Sullivan's gun entered both White's arms, and caused the amputation of one. Both sides say by conflict in the evidence that the other fired the first shot. Certain it is that the Sullivans went to White's house armed to the teeth to execute a warrant for a

petty offense. Likely the jury thought they seized this warrant as a cover to execute a sedate plan to kill White. There is evidence that Sullivan said if White drew a gun on him he would shoot his heart out. It was proven that there had been mutual arrest of one another before. There was bad blood. Marion Kennedy swore that before the occurance Wayne Sullivan said to him that if ever he got an oportunity John White would never have the pleasure of handcuffing another two men together; that he had handcuffed him and Harve together. He told Crocket Hatfield that he would meet John White some time or another on Four Train with a 44. There was considerable evidence conflicting as to the circumstances at the scene of combat. The jury and circuit court have passed on it. A glance at Hugus' valuable W. Va. Criminal Digest, 168, will show that we cannot reverse the circuit court and jury without a violation of numerous cases. Whenever a motion is made on the ground that the verdict is contrary to the evidence the opinion of the circuit court is entitled to great respect, *State* v. *Hunter,* 37 W. Va. 744, because, as JUDGE HOLT put it, "he saw the witnesses face to face, and could, better than we, judge of their credibility." *Smith* v. *Parkersburg,* 48 W. Va. 232. "Why have juries, if appellate judges are to go into the business of weighing evidence as if by the ounce and pound. We ought not to do this. It is an abuse of power, and misconception of our function and of the jury function. The jury institution, and a verdict are to be highly respected." *State* v. *Bowyer,* 43 W. Va. 182. There is nowhere that the true aspect of a criminal case can be as well seen as in the circuit court face to face with the witnesses. *State* v. *Morgan,* 35 W. Va. p. 277.

If the question depends on weight of testimony, or inferences or deductions from facts proven, the jury are exclusively and uncontrollably the judges. The court cannot interfere in a doubtful case. The court must be satisfied that the evidence is plainly insufficient. *State* v. *Cooper,* 26 W. Va. 338; *State* v. *Donohoo,* 22 *Id.* 761; *Vaiden's Case,* 12 Grat. 717. Where some evidence has been given to sustain the verdict, it is rarely that the appellate court will interfere. *Miller* v. *Ins. Co.,* 12 W. Va. 116; *Grayson's Case,* 6 Grat. 712; *Sheff* v. *Huntington,* 16 W. Va. 307, sec. 14. And where the evidence is conflicting the appellate court has still more limited range in

interferring with the verdict. In fact, it has often been held that in such case the court may even refuse to certify the evidence at all. *Grayson's Case,* 6 Grat. (Ann. Ed.) 712. A court can not now refuse, because of section 9, chapter 131, Code 1891, requiring all the evidence to be certified. In federal courts a new trial can not be had on the ground of want of evidence. Once it was so in Virginia. *Baker's Case,* 2 Va. Cases 351; *Case's Case,* 1 Va. Cases 264. In *Grayson's Case,* 6 Grat. 712, it is held that "Where the evidence is contradictory, and the verdict is against the weight of the evidence, a new trial may be granted by the court which presides at the trial; but its decision is not the subject of a writ of error or *supersedeas* or examinable by an appellate court." In *Caldwell* v. *Craig,* 21 Grat. (Annot.) 132, the opinion says: "Upon familiar principles, recognized and approved in numerous cases, when there is a conflict of evidence an appellate court will never set aside a verdict when the court which tried the case and heard the witnesses concurs with the jury and has refused a new trial." Now, though as admitted in *Johnson* v. *Burns,* 39 W. Va. 658, the statute has changed former rulings so as not to entirely close the door on a new trial where the evidence conflicts, and demanded that conflicting evidence shall be weighed, it has not altered the inherent qualities of contradictory evidence; it is still contradictory, still inconclusive; still infects a case with doubt; it still leaves the fact stand that we cannot, from mere type, tell which side to believe, whereas the jury in the circuit court can do so, and have decided one side to be truthful, the other false. We have held that even where evidence conflicts, we can grant a new trial. *Grogan* v. *C. & O. R. Co.,* 39 W. Va. 415; *Robertson* v. *Harmon,* 47 *Id.* 500. "But the power must be exercised cautiously," those cases hold: only where there is plain wrong and injustice. *Gilmer* v. *Sydenstricker,* 42 W. Va. 52; *Campbell* v. *Lynn,* 7 W. Va. 665; *Smith* v. *Railroad,* 48 W. Va. 69. "The verdict ought not to be interferred with when the evidence is contradictory, if when most favorably considered in support of the verdict, it does not still appear that the verdict was not plainly warranted by the evidence." *Gwynn* v. *Schwartz,* 32 W. Va. 487. The same rule in civil and criminal cases apply on question of new trial.

Judgment affirmed.

*Affirmed.*