# CHARLESTON

## TOWLES & CO. *v.* CARPENTER, WRIGHT & CO.

Submitted March 5, 1907.   Decided April 23, 1907.

1. TENDER—*Plea—Sufficiency.*

A plea of tender must state the tender of a precise sum of money, and a refusal of the creditor to receive the money, and aver that ever since the defendant has been, and still is, ready to pay the sum, and must state that the money is brought into court along with the plea, and the money must be paid into court.   Unless the money is brought in and paid into court, the plea and evidence under it may be disregarded.   (p. 152.)

2. JUDGMENT—*Admission by Pleading—Effect.*

When a defendant files a counter affidavit under Code, chapter 125, section 46, that there is only part of the demand due the plaintiff, the plaintiff is not bound then to take judgment for that part, and try as to the balance of the demand.   He may try the case as to all his demand.   (p. 153 )

Error to Circuit Court, Cabell County.

Action by T. Towles & Co. against Carpenter, Wright & Co. Judgment for plaintiff, and defendants bring error.

· *Affirmed.*

WALLACE & FITZPATRICK, for plaintiffs in error.

VINSON & THOMPSON, for defendant in error.

BRANNON, JUDGE:

T. Towles & Company brought *assumpsit* in the circuit court of Cabell county against Carpenter, Wright & Company to recover for some work of construction of a railroad, and recovered judgment on a verdict.

One complaint is that the defendant filed a plea that "there is due T. Towles & Company from it the said corporation, Carpenter, Wright & Company, the sum of $497.87, and that this amount it has heretofore tendered and now tenders to the plaintiff herein, and also the sum of $240.10 held subject to order of Towles & Company and J. C. Carpenter; and for a further plea the defendant, Carpenter, Wright & Company, a corporation, says that it did not undertake or promise in the manner and form as the plaintiff hath complained against it as is in the declaration set out, and of this it puts itself upon the country." The plaintiff objected to this plea, but it was admitted. What kind of plea? Is it meant to say the $240.10 was tendered? Were both sums, or only one, tendered? It seems to be a tender and an offer to pay into court the $240.10, and also the general issue. This plea seems inconsistent in admitting part, and then pleading *non assumpsit* to the entire demand. It is usual to plead the general issue as to part, and tender as to the balance. Hogg's Plead. & Forms, 249. But waive that. The plea does not state a refusal to receive the tender; does not contain the clause called *tout temps prist et encore prist*, that is, that the pleader has always since been ready to pay and still is, and fails to aver, that the money is brought into court with the plea. So, it is not a good plea of tender. The money was not paid in. *Shank* v. *Groff*, 45 W. Va. 543. If the money is not brought and paid into court, the plea is treated as a nullity. Evidence under it amounts to nothing. 21 Ency. Pl. & Prac. 573; *Gilkeson* v. *Smith*, 15 W. Va. 44. This

case says the court will disregard the plea. We are cited to 4 Minor 784 for authority that the plaintiff *must* take judgment for the part of the demand not controverted. If that be law now under our Code, it is only applicable to a plea of partial payment. There is no such plea in this case. The defendant has not placed himself in a condition to apply this law. The only evidence toward tender was that a check was sent to a bank to be delivered provided a receipt was signed in full of all demands. This was no tender. It was not *money*, and the tender was conditional. It is claimed, however, that as an affidavit was filed that nothing was due beyond what the plea stated it was incumbent on the plaintiff to take judgment for the amount admitted, and try as to the balance of the claim, and that it was error to submit the whole demand, and not the contested part, and produced confusion. The plaintiff was not bound under section 46, chapter 123, of the Code, to take judgment for part. The plaintiff had the election to do so, but was not bound to do so. Could he not submit to a jury the total of his demand?

As to the claim that the verdict was contrary to the evidence. The evidence was oral and conflicting, its weight for the jury. This Court seems to be regarded a court to grant new trials on evidence. It is not. On principles often stated, very recently in *Coalmer* v. *Barrett*, 56 S. E. 385, we cannot set aside a verdict under these circumstances. But really the evidence of Wright and Boxley can hardly be said to conflict. What both say we interpret to be a promise to give Towles & Co. all the pay the main contractors got.

As to instructions. We see no error in them. It is useless to discuss them, as the case does not go back for re-trial, and they involve law limited to the special facts of this case, and involve no legal principles important to be stated.

We must affirm the judgment.

*Affirmed.*