# CHARLESTON.

STONE v. FIRST NATIONAL BANK OF CLENDENIN.

Submitted March 19, 1912.    Decided March 11, 1913.

1.    JUDGMENT—*Amount—Interest.*
      Judgment on a verdict in the trial of an appeal from a justice, delayed in rendition and entry by motion for new trial, should include interest from the date of the verdict. (p. 173).

2.    NEW TRIAL—*Grounds—Sufficiency of Evidence.*
      A verdict resting wholly on conflicting oral testimony of witnesses given in the presence of the jury can not rightly be set aside on the ground that it is contrary to the evidence. (p. 173).

Error to Circuit Court, Kanawha County.

Action by William Stone against the First National Bank of Clendenin. Judgment for plaintiff before a justice, and verdict

for plaintiff on appeal set aside, and new trial granted, and
plaintiff brings error.                          *Reversed.*

*D. W. Taylor,* for plaintiff in error.

*Arthur B. Koontz, S. B. Avis,* and *Leroy Allebach,* for de-
fendant in error.

Robinson, Judge:

This action, begun before a justice of the peace, has for its
object the recovery of a sum of money which plaintiff claims
one Cromwell deposited for him in defendant bank.    Upon
appeal from a judgment of the justice in plaintiff's favor, the
case was tried before a jury, and a verdict was found for plain-
tiff in the sum of one hundred dollars.    This verdict the court
set aside, awarding defendant a new trial.    The writ of error
calls in question the disturbance of the verdict—the denial of
judgment thereon.

A motion to dismiss the writ of error as improvidently
awarded must first be considered.    It is submitted that the case
involves but one hundred dollars, and that a writ of error lies
only in a case involving pecuniary interest exceeding that
amount.    While it is true that the verdict in plaintiff's favor is
for one hundred dollars, yet plaintiff maintains that at the time
the verdict was set aside he was entitled to judgment for that
sum with interest thereon from the date of the verdict.    It was
more than a month after the verdict was found that the court
passed on the motion to set aside the same and denied judgment
to plaintiff.    Did interest run for that time?    If it did, plaintiff
by the denial of judgment was deprived of more than one hun-
dred dollars, and writ of error lies.    Ever so small an excess
above one hundred dollars is sufficient for the jurisdiction of
this Court.    The amount in controversy at the time plaintiff was
denied judgment must govern.    So the question comes to this:
If plaintiff was entitled to judgment at the time the verdict was
set aside, was he then entitled to judgment including interest on
the verdict from the date thereof?

Plaintiff refers to Code 1906, ch. 50, sec. 172, as entitling
him to an amount in addition to that found by the jury on
the trial of the appeal from the justice.    But that section will

not avail him, since the amount of the judgment in his favor on the trial before the justice was reduced on the trial of the appeal.

However, we are of opinion that interest would accrue from the date of the verdict, and that, at the time the court set the verdict aside, plaintiff, if entitled to judgment, was entitled thereto in an amount exceeding one hundred dollars because of the accrual of interest. This is in consonance with Code 1906, ch. 131, sec. 14, though it is true the same relates to circuit court cases and does not directly relate to cases appealed from justices. But that statute manifests the spirit of our jurisprudence in such particular. Besides, in Code 1906, ch. 50, sec. 173, it is provided that in cases of appeals from justices, the court shall make any order during the progress of the cause which the principles of law or equity may require and shall render judgment as the right may appear. Is it not legal, right, and equitable that a party to a case appealed from a justice should have interest on the amount of a verdict found for him, where there has been delay in the entry of judgment by reason of a motion to set aside the verdict? Suppose the court carries the motion for a long time? Is it just to allow the party no interest for such time, though the opposite party has the use of his money? We have seen that interest runs from the date of the verdict as to cases originally in a circuit court, by the very terms of the statute. Why then is not the same principle fairly applicable to cases appealed from justices? Clearly, Code 1906, ch. 50, sec. 173, relating to procedure on appeals from justices, contemplates that any such fair principle shall be applicable in relation to those appeals.

In the light of the foregoing observations, plaintiff's writ of error lies. As to plaintiff, the judgment complained of, the disturbance of the verdict that had been found in his favor, affected a sum in excess of one hundred dollars. That sum is in controversy here. The motion to dismiss as improvidently awarded must be overruled.

Did the court err in setting aside the verdict and awarding a new trial? Plainly it did. We find no error prejudicial to defendant in the rulings of the court during the trial. Indeed none is assigned. The court could not set aside the verdict for

error in submitting the case to the jury, for none had been committed. Nor could the court say that the verdict was contrary to the evidence. The verdict rested wholly on conflicting oral testimony of witnesses, given in the presence of the jury. The court could not rightly invade the province of the jury and disturb their finding based on such evidence. The credibility of the witnesses was involved. "A verdict depending solely on conflicting oral evidence given by the witnesses in the presence of the jury will not be set aside on the ground alone that the verdict is plainly against the decided weight and preponderance of such evidence, because to do so would invade the province of the jury in determining the credibility of such witnesses." *Coalmer* v. *Barrett,* 61 W. Va. 237.

The judgment setting aside the verdict and awarding a new trial will be reversed, and judgment on the verdict, including interest from its date, will be entered here.

*Reversed.*