# CHARLESTON.

M. C. HODGE v. CHARLESTON INTERURBAN RAILROAD CO.

Submitted October 17, 1916.   Decided October 31, 1916.

1. TRIAL—*Argument of Counsel—Action of Court.*
    A caution to counsel, by the court, against comment in argu-
    ment, upon a matter not in evidence, given in response to an objec-
    tion, sufficient to cause him to desist, and a judicial declaration
    that the matter is not in evidence, effects a substantial elimination
    of the remarks from jury consideration.   (p. 176).

2. APPEAL AND ERROR—*Record—Conflict.*
    A recital of such proceedings in a bill of exception contradicts
    and disproves a stated conclusion therein that the remark went to
    the jury, over the objection made.   (p. 176).

3. NEW TRIAL—*Nature of Remedy—Discretion of Court.*
    There is no discretionary power or authority in a trial court,
    to set aside a verdict and grant a new trial, without legal ground
                        79 W. Va.

therefor, such as lack of evidence, a preponderance of evidence against it, error in rulings, misconduct of the jury or the like. (p. 178).

4.  DAMAGES—*Excessive Damages—Personal Injuries.*

> A verdict for $4,000.00 in an action for negligence inflicting upon a woman an injury causing a miscarriage and subsequent uterine deformity and disease, seriously impairing her general health, is not so large as to evince partiality, passion, prejudice or corruption on the part of the jury, or to prove that they acted under a misapprehension as to the law or the facts.  (p. 178).

Error to Circuit Court, Kanawha County.

Action by M. C. Hodge against the Charleston Interurban Railroad Company.  A new trial was granted after verdict for plaintiff, and plaintiff brings error.

*Reversed.  Verdict reinstated.  Judgment rendered.*

*J Howard Hundley,* for plaintiff in error.

*Chilton, MacCorkle & Chilton,* for defendant in error.

POFFENBARGER, JUDGE:

Denying the existence of any legal flaw in her $4,000.00 verdict awarded as damages for a personal injury, the plaintiff in error complains of deprivation thereof by the grant of a new trial.  Though lack of evidence to sustain the verdict, or preponderance of evidence in favor of the defendant, was one of the grounds of the motion for a new trial, it is not very extensively relied upon in the brief filed in support of the action of the court.  More stress is placed upon alleged excessiveness of the verdict and improper argument to the jury, on the part of the attorney for the plaintiff.

A negligent act of the defendant from which internal injury is alleged to have resulted, is established by the uncontradicted testimony of several witnesses.  While the plaintiff had her right foot on the step of one of the cars of the defendant and was in the act of stepping through the door into the vestibule, the car was suddenly started and then suddenly stopped, throwing her violently against the rear side of the door, in the first instance, and against the front side of the door or platform, in the latter.  They all agree, in their tes-

timony, as to the sudden starting and stopping of the car and the position of the plaintiff at the time, and discrepancies as to what part of her body came in contact with the car are only slight. She says that the left side of her lower abdomen came in contact with the rear side of the door when the car started, and that her right side came in contact with the platform when it stopped. All agree that she was thrown to the left and then to the right and that her body struck the car twice.

Her pregnancy at that time, illness the same afternoon, a miscarriage on the fourth day thereafter, and ensuing female trouble remediable only by a surgical operation, are also facts established by uncontradicted testimony; her own as to all of them and that of her physician as to some of them. As to none of them, could the jury have had any possible doubt, if they believed the witnesses.

In his closing argument the attorney for the plaintiff said: "They, (meaning the defendant in the said case), say that this is a secret case. I have had up this case with Bill Mac-Corkle, (meaning W. G. MacCorkle, one of the counsel for defendant), for three months, and he has been trying to settle with me." After this recital, the bill of exception proceeds as follows: "Thereupon the counsel for the defendant called the attention of the Court to said statement and objected to its going before the Jury, and the Court failed to strike out, and did not strike out, said remark, and failed to direct and did not direct the Jury not to consider the said remark; but the Court did say to Mr. Hundley in the presence of the Jury—'Mr. Hundley, that is not in the evidence;' and said Hundley desisted from making any further statement along that line; and said statement so made by said Hundley was permitted to go to the Jury; to which action of the Court in permitting said remarks of the plaintiff's counsel to go before the Jury, the defendant objects and excepts."

Purporting to set forth what actually transpired before the jury, the bill of exception discloses no request on the part of the defendant, for a direction to the jury not to consider the remark made, or to strike it out. To the general objec-

tion made, the court responded by an admonition to the counsel, sufficient to deter him from further pursuit of this line of argument. The bill discloses no request, after this had been done, for a direction to the jury not to consider the remark, or for a formal elimination thereof from the case. Upon what seems actually to have been done, the court gave the defendant a very broad bill of exception, as the quotation therefrom will show; but the fair construction of it, all of the parts considered, is that the defendant acquiesced in, or was satisfied with, the action of the court on the objection, when made. That this is what naturally may have occurred, is evident from the fact that the language used by the court was sufficient to inform the jury that the statement was eliminated. They, or rather Mr. Hundley, in their presence, were told that the fact was not in evidence. That comment and the immediate termination of the argument founded upon it, could not fairly have meant to the jury, anything short of elimination of the remark. It must be assumed that they were men of average intelligence and such men could not have regarded it otherwise. The recited facts of the bill contradict and disprove its stated conclusion that the remark went to the jury. Substance, not mere form, must be allowed to control. There may not have been a formal elimination, but undoubtedly there was a substantial one.

Complaint of another remark to the effect that some of defendant's witnesses had been in the court room all day and had not been called, is wholly unfounded, because the remark, if made, was not excepted to. It appears only by an affidavit filed in the case, after rendition of the verdict, and in support of the motion to set it aside. An exception of that kind, after a verdict, comes too late.

The uterine trouble predicated of the defendant's negligence, in the manner aforesaid, was sworn to by the plaintiff and her physician, and the latter says such injuries are ordinarily permanent, unless remedied by surgical operation. As to the effect of her injuries upon her general health, she relies upon her own testimony, and says "Well I have never seen a well day since. I am sick practically all the time, one thing and another, some days I cannot work and have to go

to bed." She further testifies that her previous health was good.

Though the misfortunes of the plaintiff are peculiar to women and are not always the result of external violence, they are serious infirmities and weaknesses for wrongful infliction of which the law gives redress. Of this proposition there is no denial, but the alleged frequency of the infirmity and its liability to arise from causes other than violence, are urged in argument against the verdict and the amount thereof. This argument is utterly devoid of merit, for the prevalence and origin of an affliction bear no sort of relation to its consequences. The close relation in time between the negligence of the defendant, causing strokes or blows upon the plaintiff's person which may have produced internal injury and the occurrence of such injuries, amply justified the jury in referring them to the negligent act as the cause thereof. That women afflicted as the plaintiff is have capacity for many useful pursuits and are not helpless and dependent, does not preclude right of recovery. This is no more than can be said of a person who has sustained an injury to an arm, a leg, a hand, a foot or an eye. That such an injury is ground for substantial damages cannot be doubted. As to this, the authorities are uniform. *Railway Co.* v. *Lee,* 69 Tex. 556; *Stephens* v. *Railway Co.,* 66 Me. 74; *City of Joliet* v. *Conway,* 17 Ill. App. 577. The case belongs to that class in which there is no legal measure of damages and the estimation thereof is peculiarly within the province of the jury. The court cannot disturb the verdict, unless the amount allowed is so great as to evince prejudice, partiality, passion or corruption, or to show that the jury were misled by some mistaken view of the merits of the case. Though the verdict carries a considerable amount of money, we are unable to say it imports misconduct on the part of the jury, and nothing in the record indicates that they acted under any misapprehension of fact or law.

Nothing in the record pertaining to the right of recovery or the amount of the verdict constituted a basis for the exercise of any discretion by the trial court, respecting the verdict. Such discretion is confined within very narrow limits.

Neither in the trial court nor in the appellate court, is there any general discretion as to a new trial. There must be a foundation in law, in the evidence, in the rulings of the court or in the conduct of the jury, for a new trial, and, in the absence thereof, neither court has any power to grant it. The ·trial court's discretion can be invoked only in aid of ground for a new trial, or its action in refusing one. *Miller* v. *Insurance Co.,* 12 W. Va. 116, is no authority for discretion in that court, to grant a new trial, in the absence of ground therefor. On this subject, it says no more than that the court below may grant a new trial, if the evidence is contradictory and the verdict is against the weight thereof, and that, when it does so in such case, its opinion is entitled to peculiar respect. If, on the other hand, the trial court refuses a new trial, the verdict fairly rendered is supplemented by the opinion of the judge who presided at the trial. *Black's Admr's.* v. *Thomas,* 21 W. Va. 709. The question was elaborately considered in *Coalmer* v. *Barrett,* 61 W. Va. 237, and the opinion in that case virtually denies all discretionary power over the verdict, in either the trial court or the appellate court.

The principles and conclusions stated necessarily call for reversal of the order complained of, reinstatement of the verdict and rendition of a judgment thereon for the plaintiff.

*Reversed. Verdict reinstated. Judgment rendered.*