# CHARLESTON.

PASQUALINO PALLOTTO, *Infant, v.*
CHERRY RIVER PAPER COMPANY

(No. 6264)

Submitted September 11, 1928.   Decided September 18, 1928.

*Emmett Horan* and *W. J. Daugherty* and *J. Howard Hund-ley*, for plaintiff in error.

*E. H. Morton, Wolverton & Ayres* and *A. N. Breckenridge*, for defendant in error.

LIVELY, PRESIDENT:

A jury returned a verdict in favor of plaintiff, Pasqualino Pallotto, suing by next friend, for personal injuries, and on defendant's motion the trial court set aside the verdict and awarded a new trial, from which action of the court plaintiff prosecutes error.

Defendant company operated a train over its private railroad from its paper mill to the station of the Baltimore & Ohio Railway in the City of Richwood and beyond to Cherry River Boom and Lumber Company mill, for carrying raw material and supplies to its mill and freight from the mill to be delivered to the other named railroad, a common carrier; and incidentally for carrying to and from the mill its employees. The employees rode in cabooses at each end of which steps led from the ground to a platform from which platform there was entrance through a doorway into the car. Defendant's track runs from the mill up Cherry River into the corporate limits of the city and crosses over Oakford Avenue, on the south side of which is the depot of the common carrier railroad. The train had thus been operated for perhaps twenty-three years.

On July 30, 1926, when plaintiff received his injuries, the train composed of a locomotive, tender, a rack car next to the tender, then two cabooses and another rack car in the rear, manned by an engineman, fireman, brakeman and conductor, came from the mill at the noon hour and stopped on and across Oakford Avenue, one of the main streets of the city. It stayed there long enough for the employees to alight, others to enter for the return trip, consuming about two or two and

a half minutes of time, when upon signal from the brakeman, answered by three blasts of the whistle, the engineer began backing the train. Plaintiff, a child of tender years (alleged to be four years of age in the declaration, but the evidence is silent as to his age) was either getting upon or off the front platform of the front caboose, or was standing thereon, when the train began to move, and fell under the train causing injuries which necessitated amputation of one leg, and the fingers from one hand. The train was immediately. stopped, not having moved over three to six feet, and the unfortunate boy rescued from under the wheels which had not passed entirely over his leg.

The first count of the declaration charges that defendant wrongfully and negligently obstructed the street for a great length of time, which made it necessary for persons travelling thereon, and especially plaintiff, to climb over the cars in proceeding along the street, and that the trainmen knew the street was so obstructed and knowingly permitted plaintiff and other persons so travelling to climb over the cars; that it was the duty of defendant to operate its train at that point in a reasonably careful and prudent manner with due regard to the safety of other people and plaintiff; but that defendant failed in that duty in this: that plaintiff while going to a point beyond Oakford Street with the knowledge and consent of defendant's employees was walking across the platform of one of the cars in the train then completely obstructing passage over said street, and defendant then and there negligently, carelessly, unlawfully and wrongfully started the train, and particularly the car which plaintiff was crossing, in motion, and caused the same to jerk violently and suddenly with great force with full knowledge that plaintiff was crossing said car, and plaintiff was then and there thrown on the track and injured by the wheels.

The second count charges that defendant owned the track and train and operated the train over the track which extended over and across Oakford Street, a public highway in the City of Richwood, and that the servants of defendant so carelessly, negligently, etc., operated the train at Oakford Street that they drove the locomotive engine, tender and cars

with great force and violence against and over plaintiff, an infant of ............ age, severing a leg and hand and permanently injuring him. Demurrer was filed to the declaration and each count, and overruled. Plaintiff filed in support of second count a bill of particulars, to which defendant objected, but the objection was overruled. The bill of particulars sets out the negligent acts of defendant as follows: stopping the train across Oakford Avenue; and allowing persons travelling thereon to pass over the steps and platform of caboose; in not providing persons to be stationed at said crossing to see that children of tender age should not travel the steps and platform; in allowing plaintiff, with knowledge of defendant, to attempt to cross, and after he had mounted the platform to move the train by suddenly and with a jerk without warning, knowing plaintiff was in the act of crossing, thereby throwing him on the track and injuring him; and in not providing proper protection upon the caboose to prevent persons on the same, with defendant's knowledge and consent, from being thrown therefrom. Upon setting aside the verdict now complained of, the court sustained demurrer to the second count, which automatically struck out the bill of particulars filed in support thereof.

The second count is entirely too general and indefinite, and the demurrer should have been sustained. This count simply says that defendant owned and operated a train of cars which passed over a public street and negligently drove the cars against plaintiff and injured him. Declarations in cases of this character must aver the duty of defendant, aver the existence of negligence in its performance and specify the act resulting in damages. It need not detail all the facts evidencing negligence. *Snyder* v. *Wheeling Traction Co.*, 43 W. Va. 661. The elements of a good declaration in such cases are the duty, breach thereof, and how breached, and consequent injury. *Willis* v. *Coal Co.*, 97 W. Va. 476. The bill of particulars filed in support of this count cannot be considered on a demurrer. It is no part of the count. *Riley* v. *Jarvis*, 43 W. Va. 43. It will be noted that the bill of particulars charges as negligence the failure of defendant to provide guards or watchmen at Oakford Street, and that defend-

ant failed to provide proper protection upon the caboose to prevent persons from being thrown therefrom. Here are duties alleged which were not in the second count. The bill of particulars cannot take the place of the pleading; it can only supplement and inform the opposite party of something not plainly set out in the pleading. Bills of particulars are not very frequent in acts of tort, for the declaration in such actions must have the requisite definiteness to inform the defendant of the nature of the cause of action, and the act or omission constituting the tort, else a demurrer will be effective. *Clarke* v. *Ohio R. R. Co.*, 39 W. Va. 732. "A bill of particulars does not set forth the cause of action or ground of defense; these constitute the function of the original pleading. The chief office of a bill of particulars is to amplify a pleading and more minutely specify the claim or defense set up." Ency. Pleading & Practice, Vol. 3, p. 519, quoted in *Transportation Co.* v. *Oil Co.*, 50 W. Va. at p. 622.

In the course of the trial evidence was allowed to go to the jury over the strenuous objection of defendant, properly preserved by motions and bills of exception, to the effect that defendant had failed to provide watchmen or guards at the crossing and had failed to properly equip its caboose with guard rails as indicated in the bill of particulars. Neither count in the declaration would authorize the introduction of this evidence. It is not negligence *per se* in the absence of statute for a railroad company to fail to maintain a flagman or watchman at railroad crossings, unless the company by custom and uniform practice has given ground for expectation that warning of dangers will in this way be given. 3 L. R. A. 594, note; *Welch* v. *R. Co.*, 72 Mo. 451; *Ernest* v. *R. R. Co.*, 39 N. Y. 61, 100 Am. Dec. 405, note. What effect this evidence had upon the jury cannot be surmised and from this lifeless record. The trial court would be in much better position to determine than the appellate court. It was stated in argument and by brief that the introduction of this evidence and consequent error in instructions was the reason verbally given by the court for setting aside the verdict. To the argument that this evidence was harmless, and could have had no effect upon the verdict in view (as argued) of the

clear negligence of the trainmen in backing the car without discovering the child in a perilous situation, and for that reason would not justify the trial judge in setting aside the verdict, it is sufficient to say that this was a question which called for judicial decision by the trial court. In such cases the rule is that the action of the trial court will not be reversed unless plainly erroneous. A stronger case must be made out in the appellate court for a new trial, than is required to sustain the action of the trial court in awarding it. *Shipley* v. *Ry. Co.,* 87 W. Va. 139; *Wilson* v. *Fleming,* 89 W. Va. 553. By granting a new trial for such reasons, a plaintiff is not denied right of recovery. And whether the error is such to demand a new trial addresses itself peculiarly to the trial court. Having found error, ''he may invoke and use, in addition thereto, his general knowledge of the case, obtained by observation of the parties, witnesses and jurors and their appearances, demeanor, and conduct throughout the trial. His judgment based upon the error and such knowledge is entitled to a high degree of respect in the appellate court, and the judgment or ruling will be sustained in cases and under circumstances not justifying award of a new trial, by the appellate court whose knowledge of the case is derived from the printed record alone.'' *Levine* v. *Mantel,* 90 W. Va. 166, 175. The appellate court has a dry, lifeless record of the trial, while the lower court has a live record, if it may be so termed. We cannot say that the action of the court was clearly erroneous, and this rule precludes reversal.

The only question we are called upon to decide under this writ is whether the action of the court in setting aside the verdict was clearly erroneous. Other grounds for his action are assigned and argued which are unnecessary to discuss. Defendant says that plaintiff has no right to recover, and that its peremptory instruction to find for it should have been given; and further that there is such variance between the declaration and proof that plaintiff's evidence should have been stricken out. The trial court has not disposed of these questions, and it would be improper to pass upon them in the first instance on this writ of error. It is the usual practice not to review the evidence where a new trial is awarded,

unless necessary so to do in order to reach a conclusion as to the correctness of the order under review. The evidence is not usually examined for other purposes. *Browning* v. *Hoffman*, 86 W. Va. 468; *Martin* v. *Supply Co.*, 88 W. Va. 471. We cannot say, even if it was proper to do so, that under the evidence plaintiff is not entitled to recover. Upon a new trial other and more cogent evidence may be introduced.

While there was no proof that plaintiff's cars unlawfully obstructed the crossing, as alleged in the declaration, and no attempt to offer any, it was shown that it was a recent custom of defendant, since its platform for discharge of its employees and freight located at another place had been washed away by flood, to stop its cars across Oakford Street, obstructing it, and that pedestrians thereon had frequently crossed the cars while so standing; that the crossing was the main thoroughfare of a populous city; and that it was a rule of defendant company, that the platforms of the cars should be cleared of persons before the train was moved. It was not shown where the child was going or whence he came. As above stated, he appeared to be either on the steps or platform of the caboose just before the train was moved. The train was moved after proper signal and warning in the usual manner, and was stopped in a distance of from three to six feet, as variously estimated. The maximum given by any witness was six feet. The negligence attempted to be proven, and here insisted upon as proven, consists in the failure of the trainmen to discover the child before moving the train, and that it was the duty of defendant so to do under the circumstances. The declaration is based on the theory that defendant knowing the child was there by invitation, express or implied, carelessly moved its train by a sudden jerk which caused the fall under the wheels. Whether the declaration is broad enough, or not broad enough, to cover this omission of duty shown in the evidence under *Snyder* v. *Wheeling Traction Co.*, supra; *Gorsuch* v. *Woolworth Co.*, 104 W. Va. 98; *Haines* v. *Interurban Ry. Co.*, 71 W. Va. 453; and kindred cases cited in these decisions, it can be easily remedied in the pleadings, if counsel thinks proper. No action in that regard has yet been taken by the trial court.

General public policy reflected in the laws and decisions is mindful of the frailties and thoughtlessness of children of tender years and seeks to give them just and wholesome safeguards in tender consideration thereof. Humanitarianism demands it. Every person and corporation in the conduct of his or its business is required to observe in a reasonable manner salutory precautions for their protection. Strict compliance is usually required, and it is wise to do so. Our sympathies naturally go out to a crippled child, and the courts promptly accord him any right which the law gives him. But the courts do not make the laws, and sympathetic impulses should be guarded against to prevent the commission of legal error.

The action of the court in setting aside the verdict not being clearly erroneous, the order so doing, under the rule above stated, will be

*Affirmed.*