RUBY WARE *v.* S. D. HAYS

(No. 8678)

Submitted January 12, 1938. Decided February 8, 1938.

*Jed W. Robinson,* for plaintiff in error.

*G. W. Ford* and *W. Merle Watkins,* for defendant in error.

Fox, Judge:

The plaintiff instituted her action at law in the circuit court of Taylor County to recover of the defendant an amount claimed by her to be due for service allegedly rendered as a domestic and office assistant. In a trial had before a jury, a verdict in favor of the plaintiff was returned in the sum of $1796.98. A motion to set aside this verdict and grant a new trial was sustained by the trial court, to which action plaintiff prosecutes this writ of error. The sole question presented is whether or not the trial court's action on that point should be sustained.

The case is admittedly one of conflicting testimony, and that conflict is narrowed to the question of the weekly or monthly compensation of the plaintiff. There is no conflict as to the period during which the services were rendered, and little, if any, as to payments made to the plaintiff therefor.

The plaintiff began the services for which she sues on or about September 1, 1924. She says that she and the defendant, in a conversation in the defendant's office, when only they were present, agreed that her compensation should be $30.00 per month, and that she worked under that agreement until May 19, 1934; that about a month later she returned to work, temporarily, at an agreed compensation of $3.00 per week and worked under that agreement until August 31, 1934, on which date she married and finally left the defendant's employ.

The contention of the defendant, as developed by his testimony, is that the plaintiff began work for him some years before September 1, 1924, and on this date some

dispute as to wages arose, and the plaintiff was about to leave his employ; that he proposed to her that she could remain and that he would pay her $3.00 per week, and that she accepted his proposition; he says that this conversation was had at his home in the presence of his wife and two of his nieces, one of whom was only nine years old at the time. The wife and two nieces support the defendant's testimony. It was also shown by the testimony of a Mrs. Kelly, Georgia Pepper, Edith McCauley and Maude Shields that the plaintiff, during the period when she was working for the defendant, had told them separately and at different dates that she was receiving $3.00 per week for her work. It appears, however, that her conversation with Maude Shields may have had reference to the period when it is admitted her compensation was $3.00 per week.

In addition to the oral testimony, the defendant offered in evidence a book showing an account of payments made to the plaintiff, which he says is a book of original entry. In this account, there is the statement that her compensation was $3.00 per week, which is, of course, a self-serving declaration and need not be further considered. But the account offered in evidence, when examined in connection with the testimony of the defendant, calls for special consideration. The defendant, as above noted, testified that the wages of the plaintiff were $3.00 per week; that the book account of payments was correct; that about January, 1930, he had a partial settlement with the plaintiff and that on that date he owed her $31.76. When the account is examined, we find that, according to the statement of payments, he had over-paid the plaintiff $79.36 at the time he says he owed her $31.76. It also appears from this account that payments in excess of $3.00 per week were made by the defendant in eight of the ten years covered by the account, although not largely so. The actual payments for the several years were: 1924 (four months), $56.56; 1925, $175.00; 1926, $154.80; 1927, $170.00; 1928, $179.00; 1929, $173.00; 1930, $163.00; 1931, $172.00; 1932, $155.56; 1933, $170.00; 1934 (eight months), $148.00.

There was testimony as to the work done by the plain-

tiff from which the jury might have concluded that her work was something more than that of a mere domestic servant; and, although the value of her services was not permitted to be shown, because of the fact that she seems to have elected to rely upon a specific contract, the character of the work performed may have had its influence, as bearing on the reasonableness of the respective contentions as to her compensation. The fact that the plaintiff, over a long period, allowed her account to accumulate without objection, so far as the record discloses, might also have been considered by the jury, and there were other circumstances developed from which the jury could have properly drawn conclusions and inferences in arriving at its verdict.

From the foregoing, it clearly appears that the case was one for jury determination. Conflicting testimony and circumstances only are involved. The question presented is whether or not the trial court was justified in his action in setting aside the jury's verdict. Many pages could be taken in citing authority with respect to the weight that should be given to the verdict of the jury, and to the action of the trial court thereon, but we deem this unnecessary. The rule is clearly stated in *St. Clair* v. *Jaco*, 95 W. Va. 5, 120 S. E. 188, wherein this court said:

"If there is one principle firmly established in this state, it is that a verdict of a jury upon conflicting facts, under proper instructions, will not be disturbed unless plainly wrong, or manifestly against the weight of the evidence. * * * On the other hand, however, the rule is perhaps equally well settled that the judgment of the trial court on a verdict is entitled to peculiar weight, and that this is especially true where the order of the court sets aside and does not approve the verdict. *Reynolds* v. *Tompkins*, 23 W. Va. 229; *Wilson* v. *Ice*, 78 W. Va. 672, 90 S. E. 272; *Shipley* v. *Virginian Ry. Co.*, 87 W. Va. 139, 104 S. E. 297; *Adkinson* v. *Railway Co.*, 75 W. Va. 156, 83 S. E. 291. The reason for this proposition is not only that the trial court has the advantage of this court in its observa-

> tion of the witnesses and the evidence offered, which would be true whether the verdict be approved or set aside, but, as is stated in many cases, an order setting aside a verdict and awarding a new trial affords opportunity to both parties to again present both sides of the case to the end that justice may be more surely attained. A judgment upon the verdict concludes the matter; a new trial gives further opportunity for appropriate decision."

Further discussion on this point would seem to be unnecessary. The right of this court to overrule the action of the trial court in setting aside a verdict is clearly recognized in the decisions, and indeed it is our duty to do so where the trial court has improperly exercised its discretion with respect thereto.

In this connection, it may not be amiss to refer to the rule which governs the consideration of the evidence of the prevailing party upon a motion to set aside a verdict. That rule is: "The evidence of the prevailing party will be most favorably considered, and all conflict in testimony and all reasonable inferences from the evidence will be resolved in his favor." Michie's Digest of Virginia and West Virginia Reports, Volume 7, page 738, New Trials, sec. 44. The rule is supported by the following authorities: *Gwynn* v. *Schwartz*, 32 W. Va. 487, 9 S. E. 880; *State* v. *Sullivan*, 55 W. Va. 597, 47 S. E. 267; *Wilson* v. *Johnson*, 72 W. Va. 742, 79 S. E. 734; *Musgrave* v. *Ku Klux Klan*, 102 W. Va. 320, 135 S. E. 185; *Beane* v. *Keyser*, 103 W. Va. 248, 137 S. E. 898; *Tuggle* v. *Belcher*, 104 W. Va. 178, 139 S. E. 653.

The rule that the action of the trial court with respect to a verdict is entitled to a peculiar weight on appeal is especially applicable to cases where the verdict has been disapproved. *Miller* v. *Insurance Co.*, 12 W. Va. 116, 29 Am. Rep. 452; *Reynolds* v. *Tompkins*, 23 W. Va. 229; *Martin* v. *Thayer*, 37 W. Va. 38, 16 S. E. 489; *Adkinson* v. *B. & O. Rr. Co.*, 75 W. Va. 156, 83 S. E. 291; *Willson* v. *Ice*, 78 W. Va. 672, 90 S. E. 272; *Shipley* v. *Virginian Ry. Co.*, 87 W. Va. 139, 104 S. E. 297; *Ross* v. *Coal Corporation*, 92 W. Va. 229, 116 S. E. 155; *St. Clair* v. *Jaco*,

*supra; Vaughan* v. *Hospital,* 103 W. Va. 156, 136 S. E. 837; *Haggar* v. *Transport Co.,* 106 W. Va. 522, 146 S. E. 49; *Pallotto* v. *Paper Co.,* 106 W. Va. 60, 144 S. E. 720; *Nutter* v. *Salem,* 110 W. Va. 180, 157 S. E. 592; *Venturino* v. *N. & W. Ry. Co.,* 113 W. Va. 341, 167 S. E. 868. The reasoning on which these cases are based has its origin in this state in the opinion of Judge Haymond in *Miller* v. *Insurance Company, supra,* and followed in *St. Clair* v. *Jaco, supra,* and many other cases. It is briefly this: A trial judge is in a better position than an appellate court to pass upon the weight which should be given to the evidence by reason of the fact that he was present at every stage of the trial and had opportunity, not accorded the appellate court, to observe the demeanor of witnesses and those numerous happenings in the trial of every case which the written or printed record cannot reflect. It is said, also, that the trial judge, by reason of his position, and his power to set aside a verdict deemed by him to be contrary to the evidence, is, necessarily, called upon to pass on the evidence, and that his action thereon is entitled to peculiar weight. Then, too, it is said that a distinction arises in the appellate court as between cases where a verdict has been upheld and one that has been set aside, in that in the instance first mentioned, finality is given to the action of the jury, subject to review, whereas in that last mentioned, no final prejudice results to either party, inasmuch as an opportunity will be given them to assert their respective claims in the new trial.

In Virginia it has been held that when a verdict has been disapproved by the trial judge, it is not entitled to the same weight in an appellate court as one approved by him. *Kendricks* v. *Norfolk,* 139 Va. 702, 124 S. E. 210; *Maurer* v. *Norfolk,* 147 Va. 900, 133 S. E. 484; *Upton & Co.* v. *Atlantic Rr. Co.,* 146 Va. 475, 131 S. E. 827; *Ricketts* v. *J. G. McCrory Co.,* 138 Va. 548, 121 S. E. 916; *Meade* v. *Saunders,* 151 Va. 636, 144 S. E. 711. While it may be that our cases do not directly so hold, we think that they sustain the principle announced in the cases cited.

These rulings with respect to the weight to be given

the action of the trial judge make difficult the decision of the case at bar, but we have come to the conclusion that this being a case of conflicting testimony, peculiarly within the province of a jury to decide, the trial court was not warranted in disturbing the jury's verdict. We reach this decision with full recognition of the weight to which the judgment of the trial judge is entitled on a matter wherein his opportunity for observation of the events of the trial, in the very nature of things, exceeds that of this court. The fact remains, however, that the case was fairly tried on proper instructions, and there was conflicting evidence and circumstances from which the jury might have found a verdict either for the plaintiff or the defendant. We are reminded, too, of the numerous holdings that upon a motion to set aside a verdict, the view of the evidence most favorable to the prevailing party should be taken by the trial court. The application of those holdings to this case by the court below would, necessarily, have resulted in the verdict being sustained, and the entry of judgment thereon. We are therefore of the opinion to reverse the order of the circuit court setting aside the verdict, reinstate the same and enter judgment here.

*Reversed and rendered.*