# CHARLESTON.

DEVERICKS v. FAIR GROUNDS IMPROVEMENT CO.

Submitted June 14, 1912. Decided November 11, 1913.

APPEAL AND ERROR—*Verdict—Evidence.*

> Where, on a motion to set aside a verdict, a conflict of oral testimony of witnesses in the presence of the jury is not alone involved, but conflicting oral testimony is on the one side so corroborated by documentary evidence, uncontroverted facts and circumstances, or some of these, as to show that the verdict is decidedly against the preponderance of the evidence, the court may properly set aside the verdict and award a new trial.

(LYNCH, JUDGE, absent.)

Error to Circuit Court, Harrison County.

Action by F. Camden Devericks against the Fair Grounds Improvement Company, a corporation. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*R. S. Douglass* and *G. W. Farr,* for plaintiff in error.

*J. E. Law,* for defendant in error.

ROBINSON, JUDGE:

The verdict of the jury was in plaintiff's favor. On motion of defendant, the court set aside the same and awarded a new trial. Plaintiff, by writ of error, maintains that the verdict

could not rightly be disturbed and that he should have had judgment thereon.

We find no error in the order setting aside the verdict and awarding a new trial. The court did not invade the province of the jury in making the order. The case by no means turned wholly on conflicting oral testimony of witnesses in the presence of the jury. Strong documentary evidence, as well as some uncontroverted facts and circumstances, corroborate the oral testimony introduced on behalf of defendant. The court was within its province in adjudging that with this corroboration the evidence in the case so preponderated in defendant's favor as to negative right of recovery in plaintiff. The court was entitled to "go beyond the question of the credibility of the witnesses who gave conflicting oral evidence in the presence of the jury, and find documentary evidence, uncontroverted evidence, facts or circumstances, or some of these, which when considered with such conflicting oral evidence plainly constitute a decided weight and preponderance of evidence against the verdict." *Coalmer* v. *Barrett,* 61 W. Va. 237.

It is not essential to detail the character of the controversy or the particular facts in the case. It suffices to say that a review of the evidence discloses ample justification for the order setting aside the verdict. The evidence as a whole plainly preponderated in defendant's favor. The verdict was decidedly against the weight of the evidence. Though there was conflicting oral testimony of witnesses in the presence of the jury, yet on the side of defendant the conflict was settled by documentary evidence, uncontroverted facts and circumstances, which the jury could not disregard.

The order complained of will be affirmed.

*Affirmed.*