# CHARLESTON.

MILLER *v.* AMERICAN BANK & TRUST CO. *et als.*

Submitted October 28, 1919.   Decided November 4, 1919.

1. PLEDGES—*Sale After Default and Upon Notice.*

   The pledgee of mortgage bonds of a private corporation, and of individual negotiable notes pledged by such corporation, to secure a debt owing by it, may sell the same to the highest bidder, after default, upon due notice to the pledgor of the time and place of sale, when authorized so to do by the collateral agreement.   (p. 84).

2. CORPORATIONS—*Restraining Sale of Mortgage Bonds and Other Collateral by Pledgee.*

   An unsecured creditor or stockholder who brings a suit against such corporation, after notice of such sale, praying for the appointment of a receiver to administer its assets and wind up its affairs, on the ground of its insolvency, is not entitled to have the sale of the bonds so pledged enjoined.   (p. 84).

(LYNCH. JUDGE, absent.)

Appeal from Circuit Court, Cabell County.

Representative suit for injunction by James I. Miller against the American Bank & Trust Company and another, asking for appointment of a receiver of the Glass Brick Company. Injunction granted, and defendants demurred to the bill, and their motion to dissolve the injunction was sustained, and from such order plaintiff appeals.

*J. H. Strickling,* for appellant.

*John H. Meek, Deegan & Boman, Thomas R. Shepherd,* and
*Warth & McCullough,* for appellees.

WILLIAMS, JUDGE:

The Glass Brick Company, a domestic corporation, having
its principal office and place of business at Huntington, West
Virginia, being largely indebted, issued $100,000 of bonds
secured by deed of trust on its plant, and deposited $33,800 of
said bonds and a note of $10,000, executed by it to C. B. Lawton
and endorsed by him and others, with the American Bank &
Trust Company as collateral to secure a debt of $33,900 which
it owed said bank. It also deposited with the Ohio Valley Bank
$16,000 of said mortgage bonds to secure a debt which it owed
the bank of $12,000. These debts becoming due and not being
paid, the aforesaid banks published notice in the Huntington
Advertiser, a newspaper published in said City of Huntington,
that they would sell the collateral so held by them to the highest
bidder, the former on the 18th, and the latter on the 16th of
October, 1918. Thereupon James I. Miller, an unsecured cred-
itor and stockholder of said Glass Brick Company, brought
this suit on behalf of himself and all other stockholders and
unsecured creditors who chose to become parties plaintiff thereto
and help defray the expenses thereof, for the purpose of en-
joining said sales and having a receiver appointed to adminis-
ter the assets of said corporation, alleging its insolvency, and
that it was compelled to cease operation because its business
was not essential to the prosecution of the War; that it has no
capital nor the ability to acquire any, with which to resume
operations; that there is no market for its bonds; and that if
the sale is permitted to be made as advertised it will result in
great sacrifice of the company's assets to the injury of all
unsecured creditors.

The bill prays for the appointment of a receiver to take
charge of the assets of said company and collect the claims and
demands due it, and for an injunction prohibiting said sales
from being made as advertised. The judge of the circuit court,
in vacation, on the 18th of October, 1918, granted the injunction
as prayed for. Both of said banks demurred to the bill, and

gave notice that on the 31st of October, 1918, they would move the judge of said court in chambers to dissolve the injunction. The motion was heard on the 2nd of November, 1918, the parties appearing by their respective attorneys, and the plaintiff by counsel joining in the demurrers and resisting the motion, on consideration whereof, the court sustained the motion and dissolved the injunction; and from that order the plaintiff has appealed.

The only question is whether or not the pledgees have a right to sell the bonds pledged to them to secure their respective debts, pending a suit by an unsecured creditor and stockholder brought to wind up the business and administer the assets of the pledgor, an insolvent corporation. Section 58, chapter 53, Code and *Waggy* v. *Jane Lew Lumber Co.*, 69. W. Va. 666, and *Parr et al.* v. *Blue Ridge Coal Co.*, 72 W. Va. 174, are cited as authority for staying the hands of the secured creditors, and requiring them to come into the suit and await its determination. The citations do not sustain the proposition. In the Waggy Case an unsecured creditor of the insolvent corporation sought to obtain an advantage over other creditors by procuring a judgment against the debtor, after a receiver had been appointed. This, of course, a creditor could not do when the assets of the insolvent debtor were in *custodia legis*. The principal question decided in the latter case was that, where a suit had been brought to wind up the affairs of an insolvent mining corporation, operating under a lease, the court had a right to prevent the lessor from declaring a forefeiture of the lease. This was for the purpose of protecting the property of the insolvent corporation for the benefit of its creditors who, if the lease had been forfeited, would have received nothing. The lease constituted the chief asset of the mining company, and the right of the lessor to declare a forfeiture was primarily intended as a security for his rents and royalties, and if they were paid or secured he had no right to complain. Equity will generally relieve against a forefeiture.

In the present case the bonds were pledged with the banks before the suit was brought, and the debts for which they were pledged had become due and payable. It is well settled law that a pledgee has the right to sell the property pledged, without

judicial process, upon proper notice to the pledgor, when authorized by the pledgor to do so, even if the pledge consists of commercial paper past due or presently to become due. When authorized to sell such paper the pledgee is under no obligation to hold and collect rather than sell it and apply the proceeds on his debt, 21 R. C. L. 688. The bill avers that the banks have served notice on the directors of the Glass Brick Company that, on the dates above named they will proceed to sell the said collateral securities "under and by virtue of the terms of the collateral notes executed as aforesaid by the said defendant, Glass Brick Company, to the said banks."

It thus appears that the sale was authorized, and that the pledgees are violating no agreement with the pledgor in proceeding to sell the bonds and notes; and their right to sell, without judicial process, upon proper notice to the pledgor, is too well settled to require discussion. 21 R. C. L. 687; *Alex., Loud., & Hamp. R. R. Co.* v. *Burke et als.,* 22 Grat. 254; and *Richardson* v. *Insurance Company of Valley of Virginia,* 27 Grat. 749.

We find no error in the decree and must affirm it.

*Affirmed.*