# CHARLESTON.

JOHN J. THAYER *v.* JAMES A. HOLLEY.

Submited March 7, 1922.   Decided March 14, 1922.

1.  APPEAL AND ERROR—*Verdict for Less Than Sum Called for in
    Contract, and Supported by Evidence, Will Not be Set
    Aside on Defendant's Theory That it Should be Treated as
    a Finding Against Any Contract.*

    Where in an action for damages the verdict of the jury
    is much less than the sum sued for or called for by the
    contract sued on and supported by the evidence, the judgment
    on the verdict will not be set aside on writ of error by the
    defendant, on the theory that the verdict should be treated
    as a finding of the jury against the fact of the contract, and
    lack of evidence to support the verdict, or upon any other
    theory.  (p. 526).

2.  TRIAL—*Instructions Repeating Law Applicable May be Re-
    jected Without Error.*

    Instructions to the jury which properly present the differ-
    ent theories of the parties are all that can properly be de-
    manded on the trial, and instructions repeating the law
    applicable to the case may without error be rejected.  (p. 529).

Error to Circuit Court, Kanawha County.

Action in assumpsit by John J. Thayer against James
A. Holley. Verdict and judgment for plaintiff, and defend-
ant brings error.

*Affirmed.*

*W. E. Chilton* and *Conley & Johnson,* for plaintiff in error.
*S. B. Avis,* for defendant in error.

MILLER, JUDGE:

In assumpsit, upon the common and two special counts,

the plaintiff sued for $4,000.00 and obtained a verdict and judgment for but $700.00.

The suit was for commissions or compensation alleged to have been earned by the plaintiff, employed by defendant on March 24, 1919, to negotiate and make sale of the standing timber on a tract of 1075 acres of land in Lincoln County, the terms of the contract, a verbal one, being that plaintiff was to have as his commissions for compensation all that he should obtain for the timber over and above $14,000.00, the net price stipulated to be paid to defendant. The only plea was non assumpsit, on which issue was joined.

On the trial plaintiff proved and relied on the negotiations with and sale of the timber to one George E. Breece, which negotiations he and Breece swear were begun some time prior to April 1, 1919, but the sale was not actually concluded until about May 17, 1919. Breece it is proven was able, ready and willing to consummate the purchase at the price of $18,000.00, and upon the other terms stipulated, of which defendant had notice but refused to execute the contract on his behalf for various reasons.

The first of these reasons is that the verbal authority given plaintiff was on April 1, and not on March 24, 1919, a controverted fact, which, if material, must be regarded as having been settled adversely to defendant's contention by the verdict of the jury.

The second reason affirmed by defendant is that one Sweetland, who had an interest with him in the land, was advised by him by letter of April 1, 1919, that he had that day offered the timber to plaintiff at the price of $14,000.00 net to them, in which letter he advised Sweetland that, "I *think* his people are the *Courtneys* who are stave people," etc., also saying, "If the price mentioned is satisfactory and you have any information you can give me relative to this timber let me have it right quick." He further says that Sweetland replied, by letter dated April 3rd, received by him April 4th, expressing dissatisfaction with the price for various reasons, but did not disaffirm the proposition made to Thayer, of $14,000.00. And defend-

ant swears that he showed this letter from Sweetland to Thayer on April 5, 1919, and that on that occasion limited his authority to a sale to Courtney, whom Thayer had represented to him to be his immediate customer for the timber; and that Thayer accompanied by Courtney a few days after April 21st went upon the land to inspect the timber, and subsequently decided not to take it upon the terms stipulated; and that Thayer thereafter had no authority to negotiate a sale to Breece or to any one else, his authority to sell being limited on April 5th to Courtney.

That defendant showed Thayer Sweetland's letter of April 3rd is admitted by Thayer, but he says that this occurred in Holley's room in the Holley Hotel, about the 16th or 17th of April, the Wednesday or Thursday before the city election which occurred on April 21st. Thayer flatly contradicts defendant that his authority was then, or at any time, limited to a sale to Courtney. On the contrary he says that he had not then talked to Courtney, but had him as well as Breece and others in mind as prospective customers for the timber, but did not then refer to Courtney; that several days after he was employed to sell the timber, he met defendant in the lobby of the Union Building, and among other things requested that if anybody should come to him to make a price, to name $25.00 per acre; that Holley replied that he would not do that, but would refer them to plaintiff. He denies that Holley ever showed him the Sweetland letter in his office. Other facts and circumstances were introduced in evidence tending to corroborate the parties in their respective contentions on the question of this limited authority of Thayer. The fact is a very much controverted one, and was one clearly for the jury, and must be regarded as having been found in favor of the plaintiff.

So that the fact of the negotiations with and sale to Breece being settled by the verdict in favor of plaintiff's contention, we can not say that the evidence preponderates on the side of defendant.

It is insisted that the documentary evidence introduced corroborates Holley, referring especially to Holley's letter

to Sweetland and the latter's letter to him, and to Holley's letter to Thayer of May 17th. We do not find much, if anything, in these letters to support Holley's contention on the question of limited authority. In his letter to Sweetland of April 1st, he says not a word about having limited Thayer's authority to a sale to Courtney, or to any one in any way. He does not even say he knew Thayer's customer was Courtney. All he said was: "I think his people are the Courtneys." This could have been but a surmise, if it be true, as Thayer swears, that he had not yet seen Courtney. In Thayer's letter to Holley of May 20th, in reply to that of Holley of May 17th, he denies flatly that Holley had limited his authority to a sale to Courtney, and calls Holley's attention to the fact that he, when he showed him Sweetland's letter, said go ahead and sell the timber and that he would stick to his agreement with him. This letter advised Holley that afterwards he had completed the sale to Breece. We think this documentary evidence tends rather to corroborate Thayer than Holley. The letter of Holley to Thayer contained selfserving declarations, after Thayer had made sale to Breece, and thus denied by Thayer, Holley's letter had no preponderating force in his favor.

On this contention, however, it is strenuously urged that all the evidence introduced by plaintiff was under the third count, counting on the alleged contract, and sale of the timber to Breece, and demanding the stipulated compensation of $4,000.00, to which plaintiff would have been entitled, if entitled to anything thereunder, and that the jury's verdict for $700.00 should be regarded as a finding against plaintiff on the theory of a sale to Breece, and as a finding in his favor on the theory of a quantum meruit, under the second count; but that as there was no proof of the actual value of his services or expenses, there is nothing in the evidence on which the verdict should be allowed to stand for any sum. The amount of the verdict is exactly five per cent of the net price stipulated to be paid defendant for the timber. It is possible the jury may have concluded that under the circumstances this sum would sufficiently com-

pensate the plaintiff. But we can not say this was the basis of their verdict. On the contrary they might. have found the full amount claimed by plaintiff. That they found a less sum defendant can not complain, and plaintiff does not complain of the verdict. In such a case this court will not be justified in disturbing the verdict. *Morris* v. *Risk,* 86 W. Va. 30.

Counsel for defendant say we have decided on several occasions that a verdict contrary to the decided weight of the evidence, or resting upon both oral and documentary evidence and uncontroverted facts decidedly against the preponderance of the evidence, will be set aside, and a new trial awarded. And we have so decided. *Fuccy* v. *Coal & Coke Ry. Co.,* 75 W. Va. 135; *Devericks* v. *Fair Grounds Improvement Co.,* 73 W. Va. 174; *McDermitt* v. *Forbes, Id.* 240; *South Penn Oil Co.* v. *Blue Creek Development Co.,* 77 W. Va. 682; *Kyle* v. *Huddlestun,* 80 W. Va. 439. But we find no justification in the evidence for the application of these principles in the present case.

Errors are assigned in the giving and refusing of instructions. Only one instruction was given on behalf of the plaintiff. It simply told the jury that if they found from the evidence that the contract was as alleged and sworn to by plaintiff, and that he had negotiated the sale to Breece, they should find for the plaintiff; *unless* they should find from the evidence that prior to such sale defendant had revoked plaintiff's agency. This instruction did not exclude the theory of revocation of Thayer's authority by defendant.

Of the six instructions requested by defendant, the court gave numbers one, two, three and five, and rejected numbers four and A. Those given covered fully defendant's theory of a revocation of Thayer's authority to sell to any one except Courtney, and the duty of plaintiff as a condition of recovery to present a case of preponderating evidence in his favor. Instruction A, which would have directed the jury to find a verdict for defendant, was of course properly rejected.

The judgment must be affirmed.          *Affirmed.*