# CHARLESTON

ADKINSON v. BALTIMORE & OHIO RAILROAD COMPANY.

Submitted September 29, 1914.    Decided October 13, 1914.

1. SUFFICIENCY OF DECLARATION.

   The declaration in the case is good and the demurrer was properly overruled.    (p. 157).

2. TRIAL—*Refusal of Instruction Covered.*

   The instructions to the jury given are good and substantially cover the case made by the pleadings and proofs, and there was no error in rejecting those refused.    (p. 157).

3. APPEAL AND ERROR—*Awarding New Trial—Evidence.*

   In an action for personal injuries the amount of damages properly recoverable depends largely on whether the injuries are permanent or only temporary, and where on the trial of such an action the verdict for plaintiff is large and time enough has not elapsed so as to determine whether such injuries are in fact permanent, and the question of the permanency of the injuries is not very well developed by the evidence, and the evidence tends to show neglect by plaintiff of her injuries, retarding the healing processes, this court will not reverse the judgment of the trial court in awarding defendant a new trial.    (p. 158).

Error to Circuit Court, Nicholas County.

Action by Virginia C. Adkinson against Baltimore & Ohio Railroad Company.    A new trial was awarded, and plaintiff brings error.

*Affirmed.*

*Craig & Wolverton,* and *Townsend & Bock,* for plaintiff in error.

*A. N. Breckenridge* and *Mollohan, McClintic & Mathews,* for defendant in error.

MILLER, PRESIDENT:

This is an action brought February 23, 1912, to recover damages for alleged injuries sustained by plaintiff, on a dark night, November 4, 1911, by falling into an excavation on defendant's railway at a street crossing in the town of Richwood.

Plaintiff's injuries consisted in a simple fracture of the radius of the right forearm, two or three inches above the wrist, and bruises upon her hip and shoulder. The arm was set and the evidence of the surgeon showed a perfect union, and substantial recovery from the bruises. Plaintiff was not confined to her bed as a result of her injuries, and the healing of her broken arm had so far progressed on November 27, 1911, twenty three days after the accident, that by the consent and advice of her doctor she went on a trip to Florida, where she remained until her return on March 18, 1912. She swears she carried her arm in a sling for three months, and that it continued to hurt for two months, and on her return home from Florida, the arm and some of her fingers were somewhat swollen, and the doctor said her arm was not then in as good condition as he had expected to find it, though on the trial, in August, 1912, he gave it as his opinion that she would finally recover, and sustain no permanent injury. There is some evidence suggesting if not tending to show that plaintiff may have misused or neglected her arm while on her trip, which interfered with or retarded her recovery.

On the trial below, on defendant's motion, the verdict of the jury in favor of plaintiff for $5,000.00, was set aside and a new trial awarded, and the correctness of that ruling is challenged by writ of error in this court.

Numerous grounds of its motion were assigned by defendant in the court below; one, that the declaration was bad on demurrer. The declaration we think is good, and the demurrer was properly overruled. Another was that the court

had erred in giving and refusing instructions. We have carefully examined these instructions. Those given for both parties, we think, fully covered the case presented by the pleadings and proofs; and those rejected either amounted to abstract propositions not applicable to the evidence, or were fully covered by others given, wherefore we perceive no error in the giving and refusing of instructions.

On the defense of contributory negligence relied on, we think the jury were justified from the evidence in determining that issue against defendant, and that their verdict should not have been disturbed on that ground.

While the record does not so show, counsel substantially agree, that the action of the court below in awarding defendant a new trial was based mainly on the ground that the verdict was excessive. But it is insisted also that it was justified on the ground that the verdict was contrary to the weight and preponderance of the evidence.

Whether the damages found are excessive depends largely on the character of the injuries, whether they are permanent or only temporary, and in this case whether plaintiff, by neglect or misuse of her arm after the injury, retarded the healing processes or contributed to permanency of the injury. These were questions in issue on the trial which were not very well developed. The expert testimony of the doctors was that in their opinion the injuries were temporary and that plaintiff would finally recover. There was some evidence also tending to show that plaintiff had been rheumatic and had suffered before the injury from numbness in her hands. She said "I used to work very hard   *   *   *   and when I did too much hard work my arm right there would hurt and many years ago my hands would get numb." "Q. Then you were subject to that kind of feeling? A. I have been when I overworked myself." This suit seems to have been brought while plaintiff was yet in Florida, in February, and the trial took place in August, 1912, before, under the circumstances of the case, time enough had elapsed to finally determine the character of the injuries, whether permanent or only temporary. It is quite likely the court below took these facts into consideration, and in view of the size of the verdict, was of

opinion that justice called for a new trial. In this we are not prepared to say the court erred. Besides, the trial judge had advantages over this tribunal in passing on the motion for a new trial. He saw the character and demeanor of the witnesses, and what took place on the trial bearing on the issues, which the record does not and cannot accurately describe, and while he was not permitted to invade the province of the jury, nevertheless, much respect is due to his judgment in exercising his judicial discretion in granting or refusing a new trial. Before another trial can take place time enough will likely have elapsed to determine the character of plaintiff's injuries. The processes of healing may then have so far advanced as to show a perfect cure, lessening the injury, and reducing the measure of her damages. We think this is a case for the application of the rule many times recognized, that it takes a stronger case in an appellate court to reverse an order granting, than one refusing a new trial. *Miller* v. *Insurance Co.*, 12 W. Va. 116; *Reynolds* v. *Tompkins*, 23 W. Va. 229; *Varney & Evans* v. *Lumber & Mfg. Co.*, 64 W. Va. 417; *Wilson* v. *Johnson*, 72 W. Va. 742; *Martin* v. *Thayer*, 37 W. Va. 38, 46-7.

A remittitur is suggested by counsel for plaintiff in their brief. If such a practice is proper in an appellate court, we are unprepared, as the court below would have been, owing to the state of the evidence just referred to, to say what in our judgment would be a proper amount to compensate the plaintiff.

We are of opinion to affirm the judgment.

*Affirmed.*