# CHARLESTON.

### ADAMS v. ADAMS.

Submitted January 30, 1917.   Decided February 6, 1917.

1. CONTINUANCE—*Pleading—Declaration—Trial Amendment.*

   A declaration may be amended at the trial of an action, to make the allegation correspond to the proof offered, if substantial justice will be thereby promoted, and such amendment does not entitle the defendant to a continuance, unless he shows to the satisfaction of the court that a continuance is necessary to enable him to make his defense.   (p. 547).

2. PLEADING—*Amendment of Declaration—Plea.*

   Although not technically a proper plea to a declaration in debt on an unsealed writing, a plea of *non est factum*, filed to such declaration, and not withdrawn when the declaration is thereafter amended so as to show the writing declared on to be sealed, becomes a plea to the declaration as amended.   (p. 548).

3. DEBT, ACTION OF—*Plea on Defense.*

   That defendant did not make or sign the writing sued on is a defense which may be properly put in issue, in an action of debt on a sealed instrument, either by a plea of *nil debet*, accompanied by defendant's affidavit denying his signature to the writing, or by a plea of *non est factum* duly verified.   (p. 548).

4. APPEAL AND ERROR—*Record—Proceedings Sustaining Judgment.*

   Where the entire record of the proceedings had in the trial court is brought up, an order setting aside the verdict of a jury will be reversed as erroneous, unless sufficient grounds appear in the record justifying such order.   (p. 548).

Error to Circuit Court, Mineral County.

Action by I. L. Adams against L. F. Adams.  From an order setting aside verdict for plaintiff, and granting defendant a new trial, plaintiff brings error.

*Order reversed.   Verdict reinstated.   Judgment entered.*

*W. H. Griffith,* for plaintiff in error.

*Chas. N. Finnell,* for defendant in error.

WILLIAMS, JUDGE:

To an order of the circuit court setting aside a verdict,

recovered by plaintiff in an action of debt, and granting defendant a new trial, plaintiff obtained this writ of error.

Issues were joined on pleas of *nil debet* and *non est factum.* The declaration described the writing sued on as a promissory note, and when plaintiff offered the writing in evidence to the jury, defendant objected to its introduction, on the ground that it was a sealed instrument, and, consequently, varied from the writing described in the declaration; and the court sustained his objection. Whereupon plaintiff obtained leave of court to amend his declaration, and did amend it at the bar of the court, by inserting in it the words, "under hand and seal," in order to make the allegation conform to the proof. Defendant then moved for a continuance, which was refused, and he excepted. In addition to his plea of *non est factum,* which was duly verified, defendant filed his affidavit denying that he made or signed the writing sued on.

He complains of the action of the court in denying him a continuance after plaintiff had amended his declaration. Sec. 8, Ch. 131, Barnes' Code, provides for amending a declaration at bar, if the court is of opinion that substantial justice will be promoted thereby. The amendment was clearly in the interest of justice, for its only purpose was to make the averment correspond with the proof. Without amending his pleadings, plaintiff's bond could not have been read as evidence, because of the well established rule of practice requiring the *allegata* and *probata* to correspond. But the amendment did not entitle defendant to a continuance as of right. It must have been made to appear to the court that a continuance was rendered necessary by the amendment, to entitle him to demand it as a matter of right. The amendment did not affect the merits of the action, or even change the form of it. It was made simply to avoid the effect of a technical rule of evidence, and could hardly have occasioned any surprise. So far as the record discloses, defendant made no attempt to satisfy the court by affidavit or otherwise that a continuance was necessary. It was of no practical importance to defendant whether the writing declared on was sealed ·or unsealed. His defense was that he did not make or sign the obligation, and his evidence to prove his defense was the

same, whether the writing happened to be a promissory note or a bond.

Although the plea of *non est factum* was not a proper plea to the original declaration, still it can be considered as an affidavit, filed with the plea of *nil debet,* under Sec. 40, Ch. 125, Barnes' Code, requiring plaintiff to prove defendant's signature to the writing. But after the declaration was amended, the plea of *non est factum,* not being withdrawn, became a proper plea to the amended declaration. *Clark* v. *Ohio R. R.,* 39 W. Va. 732, and cases cited in the opinion at page 743. The plea is in common form, stating simply that the ''supposed promissory note in writing in the said declaration mentioned is not his note,'' and, being in common form, properly concludes to the country. The court's order styles it a plea of *non est factum;* no objection was made to it in the court below, and it is now too late to say it did not properly present an issue. On the day of trial defendant was permitted to file another plea called a ''special plea,'' which is verified by his affidavit, denying that he made or signed the note sued on. It is not material whether the case be considered as having been tried on the issue of *non est factum, nil debet,* or on both those issues, for he was permitted to introduce his evidence tending to support his contention that he had not made and signed the writing sued on; and the jury considered it and decided the issue against him. He can not now complain that the case was tried on an improper joinder of issue. Such error, if any there was, is made harmless after verdict, by the statute of jeofails. Sec. 3, Ch. 134, Code. *Hughes* v. *Kelly,* 2 Va. Dec. 588; *Hunnicut* v. *Corsley,* 1 H. & M. 153; and *Bannister* v. *Victoria Coal & Coke Co.,* 63 W. Va. 502.

The whole record is apparently brought up, and it discloses no grounds for setting aside the verdict. The court committed no error in the trial, to justify setting it aside; and counsel for defendant does not intimate, in his brief, that the verdict was not supported by, or that it was against the great weight of evidence. In fact there is ample evidence in the record to support it.

A trial court can not set aside the verdict of a jury, ex-

cept for good cause, and when the whole record of the proceedings in the trial court is brought up such cause must affirmatively appear therefrom, else the judgment of the court in setting aside the verdict will be reversed. In such case there is no ground for a presumption in favor of the correctness of the lower court's ruling, for the record shows otherwise. *Henderson* v. *Hazlett*, 75 W. Va. 255, and *Sanders* v. *Wise*, 74 W. Va. 797.

The order of the court setting aside the verdict will be reversed, the verdict re-instated and judgment entered thereon by this court, with costs to plaintiff in error.

*Order reversed. Verdict reinstated. Judgment entered.*