## CHEW et al. v. JONES et al.

PER CURIAM. 1. After the death of the testator, which occurred in 1856, the executor invested in land certain funds left by the testator, taking a deed therefor in his own name as executor. The purchase was in pursuance of a power expressed in item one of the will, in which direction was also given that the property of the testator should be kept together until the happening of certain events. The only part of the will that contained a devise to children of daughters of the testator was item five, which provided: "I desire and direct that when either of my sons shall attain the age of twenty-one, or one of my daughters shall marry, or in case from death none of my sons shall attain the age of twenty-one, then, when a daughter shall marry or attain the age of twenty-one, that there shall be a division of my estate both real and personal per stirpes among my children then in life, and the lineal representatives of any child or children previously dead to take their portions in said division in fee simple. Respective shares falling to my daughters in said division I give, bequeath, and devise unto my executors in trust for the use, benefit, and behoof of my daughters respectively during the term of their natural lives, [free] from the debts, liabilities, and contracts of any husband or husbands, or any other person or persons whatsoever; with this understanding, however, that my executors, whom I hereby appoint trustees for my daughters, shall allow my daughters and their husbands, should they marry, to have possession, use, and enjoyment of their respective shares given in trust as aforesaid, for their support during coverture, except the money and cash assets embraced in each share, the interest of which alone shall be paid to my daughters if single and twenty-one years of age, or married to their husbands." Then follows a statement of certain contingencies which did not happen, after which was a provision for another contingency which did occur, as follows: "And in case either of my daughters die leaving no husband, but a child or children surviving her, then at the death of said daughter her trust estate shall cease and vest in fee simple in such child or children." In 1867, one of the daughters of the testator having married, the executor applied to the court of ordinary for leave to divide the estate as directed by the will. Partitioners were appointed, who made distribution among the testator's four children. The land purchased by the executor as mentioned above was not included in the division, and was never divided among the testator's children. Among the children left by the testator were two daughters, both of whom subsequently married and survived their respective husbands, and themselves died, leaving children surviving them.

- *Held*, that the only property devised to the daughters to which a trust attached was the "respective shares falling to my daughters in said division," and the only property that was devised to the children of the daughters was "the trust estate" created in behalf of their mother.

2. After the order for partition was granted, and prior to the return of the commissioners, the executor sold the land under an order from the

court of ordinary, and on the same day became himself a grantee of the purchaser. The executor accounted for the proceeds of the sale, his accounts were duly approved, and he was finally discharged. The daughters of the testator lived for more than the prescriptive period after the death of the executor (who himself lived thirty years after the sale), and they did not repudiate the sale by him, or complain that the division of the estate was only partial, or unfair or objectionable for any cause. From the date of the sale and until his death the executor, claiming individually under his deed from the purchaser at the executor's sale, remained in adverse possession of the land, a fact within the knowledge of the daughters; and after his death his children as heirs at law continued in adverse possession for more than seven years. After the expiration of such time, and after the death of the testator's daughters, children of the latter instituted an action against the children of the executor, to recover the land. *Held*, that the judge to whom the case was submitted upon an agreed statement of facts did not err in rendering a judgment for the defendants.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent on account of sickness.*

No. 1250. FEBRUARY 28, 1920.

Equitable petition. Before Judge Hammond. Burke superior court. November 9, 1918.

*W. K. Miller* and *Pierce Brothers*, for plaintiffs.

*Callaway & Howard* and *E. L. Brinson*, for defendants.