JOSEPH FLINN, *Adm'r., Etc. v.* CARL HENTHORNE

(No. 7852)

Submitted March 7, 1934. Decided March 27, 1934.

*McDougle & Hoff,* for plaintiff in error.
*Ambler, McCluer & Ambler,* for defendant in error.

KENNA, JUDGE:

Joseph Flinn, administrator of the estate of Ulysses Emanuel Flinn, deceased, brought this action for death by wrongful act against Carl Henthorne and George Cottrill in the circuit court of Wood County. The basis for the action was injuries sustained by plaintiff's decedent in a collision of an automobile, in which he was riding, with a truck operated by the defendant Henthorne on state route No. 2 in Jackson County on August 9, 1930. The defendant Cottrill was dismissed at the trial.

There was a verdict in the sum of $2750.00 in favor of the plaintiff and against the defendant Henthorne. On motion,

this verdict was set aside and a new trial awarded the defendant. From that judgment, the plaintiff below prosecutes this writ of error.

The trial judge died before the motion to set aside the verdict was acted upon, and that motion was submitted to his successor.

A written opinion was filed by the judge who acted upon the motion to set aside the verdict, and that opinion discloses that the basis of his action was that the plaintiff's proof did not sustain the finding of the jury. In this position, we be-believe the learned judge erred.

The proof of the plaintiff, which we consider sufficient to justify the submission of the plaintiff's case to the jury and to sustain a verdict in favor of the plaintiff, without going into unnecessary detail, was substantially this: William Whitehead had invited plaintiff's decedent, along with Fred Jones and Ronald Eddy, to go with him for a ride in his stripped-down single-seated Ford automobile. At the time of the accident, they were driving from the direction of Parkersburg toward New Era. At a point on state route No. 2, they had rounded a curve and topped a rise when they saw the truck being operated by Henthorne facing them with its bright lights burning. Whitehead, who was driving, testified that the bright lights of the truck blinded him completely and that he at first thought that the truck was moving in his direction. The testimony is that the car driven by Whitehead was traveling at the rate of from 25 to 35 miles an hour when its occupants first saw the bright lights of the truck. Whitehead says that when he came to within a distance estimated by him at 100 feet of the truck driven by Henthorne, he discovered that that truck was parked entirely on the concrete, which was eighteen feet wide with a hard flat berm on each side extending five or six feet, and that at the same time he discovered that the truck driven by Cottrill had parked on the right of the road with its left wheels on the pavement and with its right wheels about eighteen inches on the berm. Whitehead testified that the positions of the trucks were such that there was a distance of approximately five or six feet only between the end of the trailer, which was attached to the back of the Henthorne truck, and the end of the truck

being driven by Cottrill. He testified that when he saw this position of the trucks, he pulled to the center of the road, put on his brakes and tried to stop; that he did not think he had room to get between them; that he hit something and remembered nothing else until he came to. It appears that the Ford did go between the trucks after striking the door on the Henthorne truck. All of the boys were thrown, partially or completely, from the Ford to the road and received injuries varying in degree, Flinn dying the next day from the injuries received by him. He did not regain consciousness. The testimony shows that the trucks were five and one-half feet wide and eighteen feet long and that the trailer on the Henthorne truck was ten feet long and five and one-half feet wide. The plaintiff's witnesses testified that the lights on the Ford at the time of the accident were both burning, and that the door on the Henthorne truck was open, although there is some confusion as to whether it was hinged at the front or at the back, and as to whether the marks of the impact were on the inside or outside of the door. At the time of the impact, Whitehead was driving and Flinn was seated in the seat beside him; Jones and Eddy were behind seated upon the body of the Ford.

On the other hand, the proof of the defendant shows a contradiction of every single act which might constitute negligence on the part of Henthorne. Defendant's testimony shows the Henthorne truck to have been parked off the pavement with only its dim lights burning, and with the truck being driven by Cottrill fifty or sixty feet beyond it toward Charleston; that there was ample room for the Ford to have passed between the trailer on the Henthorne truck and the Cottrill truck, which was also parked off the road; that two other automobiles had a short time before that passed between the two trucks without difficulty, and that the car being driven by Whitehead was going at an excessive rate of speed without any lights. There is conflict also between the defendant's proof and the plaintiff's proof on the question of the distance from the rise and curve at which the Henthorne truck was parked, the proof of the defendant being to the effect that the distance was approximately 700 feet.

From a careful review of the entire evidence, we are of the

opinion that the plaintiff's proof was ample to sustain a verdict based upon the negligence of Henthorne in parking his truck entirely upon the concrete part of the road with its bright lights burning, in view of the plaintiff's proof establishing the dangerous proximity of the Cottrill truck. We do not believe that contributory negligence imputable to plaintiff's decedent has been shown to exist as a matter of law. Had the verdict been for the defendant, signifying the higher importance accorded by the jury to the defendant's proof instead of to the plaintiff's, no doubt that verdict, too, could be sustained upon the state of this record. It is therefore our opinion that the learned trial judge erred in setting aside the verdict in favor of the plaintiff, and in entering judgment for the defendant.

In spite of the great weight to be attached to the action of a trial judge in setting aside a verdict, his action in so doing cannot be sustained if the case resolves itself plainly into a jury question. *Wilson* v. *Johnson,* 72 W. Va. 742, 79 S. E. 734; *Adams* v. *Adams,* 79 W. Va. 546, 92 S. E. 463; *Charleston* v. *De Hainaut,* 95 W. Va. 202, 102 S. E. 524. It is to be remembered that in this case, the elements that lend peculiar force to the action of a trial judge in setting aside a verdict of a jury, do not exist. The learned judge who acted upon the motion in this case did not have the advantage of having presided at the trial.

Although the instructions, from the opinion of the court below, do not form any part of the reasons for setting aside the verdict, the giving of erroneous instructions is assigned here as justifying that action. We do not deem it necessary to set forth in detail the substance of the many instructions in which error is claimed. It is sufficient to say that they have each been carefully examined, and that, while some of them are not perfect, in our opinion, none is sufficiently misleading to constitute reversible error. The instructions, as a whole, amply set forth both the theory of recovery and the theory of defense. A judgment will not be set aside because of instructions theoretically erroneous where they appear to have been not practically misleading. *State* v. *Symanski,* 104 W. Va. 231, 233, 139 S. E. 742; *State* v. *Abbott,* 103 W. Va. 191, 193, 136 S. E. 861.

For the foregoing reasons, the judgment of the circuit court of Wood County is set aside, the verdict of the jury reinstated, and judgment on the verdict for the plaintiff in the sum of $2750.00, with interest from the date of the verdict, rendered here.

*Reversed and rendered.*