MYRTLE YOUNG AND LESTER YOUNG

*v.*

C. S. DUFFIELD

(No. 12710)

Submitted April 30, 1968.                    Decided July 9, 1968.

HAYMOND, JUDGE, dissenting.

*Poffenbarger & Bowles, L. F. Poffenbarger, Martin C. Bowles,* for appellants.

*Jackson, Kelly, Holt & O'Farrell, Winfield T. Shaffer,* for appellee.

CAPLAN, JUDGE:

This civil action was instituted in the Court of Common Pleas of Kanawha County by the plaintiffs, Myrtle Young and Lester Young, her husband, to recover from the defendant, C. S. Duffield, damages for personal injuries sustained by Myrtle Young and property damages to the automobile of Lester Young. Such damages are alleged to have been the result of a collision between the automobile driven by plaintiff Myrtle Young and the vehicle of the defendant, C. S. Duffield, driven by him.

Upon trial of this case, the court overruled the defendant's motion for a directed verdict and the jury returned a verdict for the defendant, upon which verdict the court entered judgment. Subsequently, the plaintiffs moved the court to set aside the verdict and grant them a new trial. This motion was granted and the defendant appealed the ruling of the court to the Circuit Court of Kanawha County. The appeal was granted by the circuit court and upon consideration thereof the final judgment of the Court of Common Pleas was reversed and the case was remanded to said court with directions that judgment be rendered on the jury verdict. It is from this action of the Circuit Court of Kanawha County that the plaintiffs prosecute this appeal.

The collision in which plaintiff Myrtle Young was injured occurred approximately at noon on April 3, 1964 in the City of Charleston at the intersection of Noyes Avenue and Thirty-third Street. Noyes Avenue extends from east to west and Thirty-third street runs north and south. Noyes Avenue terminates on the west side of Thirty-third Street, that being the entrance to the parking lot of Charleston Memorial Hospital. This intersection is a three-stop junction, there being a stop sign on Noyes Avenue for westbound traffic, a stop sign on the hospital parking lot just

prior to the entrance to Thirty-third Street, and a stop sign on Thirty-third Street for north bound vehicles. These streets have concrete surfaces of twenty feet in width with a seven and one-half foot berm on each side.

The plaintiffs allege in their complaint that Myrtle Young was driving along Noyes Avenue in a westerly direction and proceeded to the intersection of Noyes Avenue and Thirty-third Street; that, in compliance with the stop sign at said intersection, she stopped her vehicle and thereafter proceeded cautiously into the intersection where she completed a left-hand turn and drove in a southerly direction on Thirty-third Street. As she was almost through the intersection, the defendant drove his automobile from the hospital parking lot on to Thirty-third Street, having failed to stop at the stop sign, and struck the rear end of the Young automobile causing plaintiff Myrtle Young to lose control of her vehicle and collide with a vehicle parked on Thirty-third Street.

On the evidence adduced at the trial, the principal conflict in the testimony related to whether or not the defendant stopped at the stop sign prior to entering Thirty-third Street. As noted, it was alleged by the plaintiffs that no stop was made. This allegation was supported by a disinterested witness who observed the collision. This witness testified that he saw the defendant's vehicle emerging from the parking lot at a very slow rate of speed. In answer to a direct question, he stated that the defendant's vehicle did not come to a complete stop prior to proceeding into the intersection. The defendant took the stand and testified that as he was proceeding from the parking lot on to Thirty-third Street, he stopped at the stop sign, looked to his right and to Noyes Avenue but could not see to his left because there were cars parked on the berm and that a large truck blocked his view. He then stated that he shifted into low gear and started to move slowly across Thirty-third Street. According to his testimony, before he could see around the truck, the Young car came from his left through the intersection and "tore off my bumper guard and badly damaged my grill work and went on through the intersection without stopping * * *." Upon cross-examination,

the defendant admitted that he signed a statement for the police immediately after the collision in which he said he was driving east; that he stopped at the stop sign; that he didn't see anything and pulled out and hit the car coming out Thirty-third Street in the right rear. The record reveals that the damage to the plaintiffs' car was to the right rear portion and the damage to the defendant's car was to the right front end.

On this appeal the plaintiffs say that the Circuit Court of Kanawha County erred in the following particulars:

"1. In reversing and setting aside the judgment of the Common Pleas Court of Kanawha County and remanding the case to that court with directions to render judgment on the verdict.

"2. The Court erred in holding that the evidence was sufficient to support the jury's verdict for the defendant.

"3. The Court completely disregarded the admitted and clearly established physical facts which are contrary to evidence of the defendant.

"4. The Court erroneously disregarded the proof that the entrance to the hospital is a private driveway.

"5. Flagrant error was committed by the Court in holding that the giving of defendant's Instruction Number 5, which instruction misquoted the City Ordinance, was a harmless error.

"6. The Court's judgment is against the plain and decided preponderance of the evidence.

"7. Error was committed by the Court in failing to consider Chapter 17C-9-4 of the Official Code of West Virginia, being Article 41, Section 4 of the Official Code of the City of Charleston. (Duly proffered)."

While several assignments of error are noted, the plaintiffs' principal contention is that the circuit court erred in holding that the evidence was sufficient to support the jury's verdict for the defendant. The defendant on the other hand takes the position that there was evidence to support the jury's verdict for the defendant and that in

view of many authorities cited such jury verdict should not be set aside by the court. This, of course, is based on the well established principle that the jury is the trier of the facts and that this duty should not be usurped by the courts.

In setting aside the verdict of the jury, the trial court noted that in its judgment the verdict was clearly against the weight of the evidence, and further, that the evidence did not support a verdict for the defendant. As recognized by the learned trial judge, it was not his province to substitute his judgment for that of the jury on factual issues. The validity of this principle is unquestioned, it being well established that the jury is the trier of the facts and that its verdict determines conflicts in the evidence. *Evans v. Farmer,* 148 W. Va. 142, 133 S. E. 2d 710. *Graham v. Crist,* 146 W. Va. 156, 118 S. E. 2d 640; *Overton v. Fields,* 145 W. Va. 797, 117 S. E. 2d 598.

While a jury verdict is entitled to great respect, a jury is not infallible and there are circumstances in which its verdict should be set aside. It is equally well established that a verdict of a jury which is without sufficient evidence to support it, or is plainly against the decided weight and preponderance of conflicting evidence, will, on proper motion, be set aside by the court. *McCoy v. Cohen,* 149 W. Va. 197, 140 S. E. 2d 427; *Lightner v. Lightner,* 146 W. Va. 1024, 124 S. E. 2d 355; *Campbell v. Campbell,* 146 W. Va. 1002, 124 S. E. 2d 345; *Mulroy v. Co-Operative Transit Company,* 142 W. Va. 165, 95 S. E. 2d 63. This proposition is well demonstrated by the language in Syllabus No. 5 of the *Lightner* case, *supra,* which reads as follows: "A verdict of a jury which is without sufficient evidence to support it, or is plainly against the decided weight and preponderance of conflicting evidence, will on proper motion be set aside by the court." Thus, even though a verdict based upon conflicting evidence is held in high regard, courts should not permit a jury to ignore the law and evidence in arriving at a verdict. See *Koger v. Mutual of Omaha Ins. Co.,* 152 W. Va. 274, 163 S. E. 2d 672 (decided this Term); *Speicher v. State Farm Mutual Automobile Ins. Co.,* 151

W. Va. 292, 151 S. E. 2d 684; *Laxton* v. *National Grange Mutual Insurance Company,* 150 W. Va. 598, 148 S. E. 2d 725.

Here the jury verdict was disapproved by the trial judge. In this circumstance such verdict is not entitled to the same weight on appeal as one which has been approved by him. 1B M. J. Appeal and Error, Sec. 272. See *Browning* v. *Monongahela Transport Company,* 126 W. Va. 195, 27 S. E. 2d 481. The trial judge is more than a mere referee between litigating parties. Placed in his hands is the power to exercise his sound discretion in supervising the verdicts of juries to prevent a miscarriage of justice. The ultimate test on appeal is whether or not this discretion has been abused. *McClaugherty* v. *Tri-City Traction Company,* 123 W. Va. 112, 14 S. E. 2d 432. The trial judge in the instant case had an advantage over this tribunal, as he did over the circuit court, which was acting in its appellate capacity, in passing on the plaintiffs' motion for a new trial. He presided over the trial and thereby had firsthand knowledge of what happened there. As cogently stated in *Adkinson* v. *Baltimore & Ohio Railroad Company,* 75 W. Va. 156, 83 S. E. 291, "He saw the character and demeanor of the witnesses, and what took place on the trial bearing on the issues, which the record does not and cannot accurately describe, and while he was not permitted to invade the province of the jury, nevertheless, much respect is due to his judgment in exercising his judicial discretion in granting or refusing a new trial."

The trial judge, who observed the demeanor and character of the witnesses, the parties and the jurors in the instant case, in the exercise of his judicial discretion, held that the verdict was clearly against the weight of the evidence and that the evidence did not support a verdict for the defendant. Upon full consideration of the record and in view of the foregoing principles, we are not prepared to say that the trial court erred. The Circuit Court of Kanawha County, in reviewing this case, is in a position similiar to that of this tribunal. The judge of that court did not preside at the trial and the propriety of his action in

reversing the trial court must be tested solely by the record of the trial as preserved. His action is not aided or strengthened by any presumption arising from personal knowledge of the character, appearance or demeanor of the witnesses, parties or jurors. In this circumstance we do not believe that the action of the circuit court in reversing the trial court is supported by the record. See *Wilson* v. *Co-operative Transit Company*, 126 W. Va. 943, 30 S. E. 2d 749; *Hendricks* v. *Monongahela West Penn Public Service Company*, 115 W. Va. 208, 175 S. E. 441; *Flinn* v. *Henthorne*, 114 W. Va. 807, 173 S. E. 882; *Shipley* v. *Virginian Ry. Co.*, 87 W. Va. 139, 104 S. E. 297.

When an appeal is taken from a judgment of a trial court setting aside a jury verdict it is incumbent upon the appellant to show error. 1B M. J., Appeal and Error, Section 272. In *Burch* v. *Grace St. Bldg. Corp.*, 168 Va. 329, 191 S. E. 672, the court said, "a verdict which has been disapproved by the trial judge is not entitled to the same weight on appeal as one that has been approved by him, and it is incumbent upon the plaintiff in error to show error when the verdict has been set aside." In this proposition we agree with the court of our sister state. In the instant case it was incumbent upon C. S. Duffield, the plaintiff in error in the circuit court, to show that the trial court committed error. We are of the opinion that he failed to show such error.

While the jury is the trier of facts, the very fact that the trial judge is given the power to set aside the verdict as contrary to the evidence necessarily means that he must, to some extent at least, pass upon the weight of the evidence. *Berry* v. *Colborn*, 65 W. Va. 493, 64 S. E. 636. If he believes that the jury verdict is plainly wrong, even if it is supported by some evidence, it is incumbent upon him to set such verdict aside. The defendant in the trial court testified that he stopped his vehicle at the stop sign prior to entering Thirty-third Street. This, he says, absolves him of liability. A stop sign at intersecting streets requires one to stop meaningfully before entering the intersection. Its purpose is to afford one an opportunity to enter the intersection safely. If a driver stops and then proceeds into the

intersection without looking to oncoming traffic he defeats entirely the purpose of the stop sign. In the instant case, even if the defendant stopped his vehicle at the stop sign, such stop was not effective and he entered the intersection at his own risk. This is demonstrated by the physical facts. It was undisputed that the collision between the vehicles of the plaintiff and defendant occurred in the southwest portion of the intersection; that the plaintiffs' automobile was proceeding south on Thirty-third Street and was almost through the intersection when the collision took place; and, that the Young vehicle was struck in the right rear portion. There was no evidence whatever of excessive speed by the plaintiff driver. That her vehicle was travelling faster than the defendant's car, which concededly was moving very slowly, emphasizes the fact that the plaintiff was clearly in the intersection before the defendant. He, therefore, was under a duty to make a meaningful stop.

Courts are not required to believe that which is contrary to physical facts and if the verdict of the jury is based upon testimony which is contrary to such physical facts, it will be set aside and a new trial awarded. *Marshall* v. *Conrad,* 118 W. Va. 321, 191 S. E. 553. We are of the opinion that there is a dominating physical fact in this case which justified the action of the trial court in setting aside the verdict and ordering a new trial. The effort of the defendant to avoid its significance has manifestly failed. We refer to the place of the collision and the position of the automobiles at that time. Though there has been an attempt by the defendant to absolve himself of liability we believe he has utterly failed. Nor, by reason of the testimony and physical facts, was there any showing which would warrant a finding of contributory negligence on the part of the plaintiff, Myrtle Young. As heretofore noted, her automobile was clearly in the intersection and was headed in a southerly direction before the vehicle of the defendant entered Thirty-third Street. In fact it was undisputed that her car was almost through the intersection when the collision occurred, resulting in damage to the right rear end of her vehicle. As herein noted, peculiar weight is accorded the ruling of a trial court when it sets aside a jury

verdict and grants a new trial. When an appeal is taken from such order it takes a stronger case to reverse than it would have if the judge had refused a new trial. This has long been established, as indicated by the language of the Court in *Adkinson* v. *Baltimore & Ohio Railroad Company*, 75 W. Va. 156, 83 S. E. 291, "We think this is a case for the application of the rule many times recognized, that it takes a stronger case in an appellate court to reverse an order granting, than one refusing a new trial." See also *Sargent* v. *Malcomb*, 150 W. Va. 393, 146 S. E. 2d 561; *Graham* v. *Wriston*, 146 W. Va. 484, 120 S. E. 2d 713; *Pittsburgh-Wheeling Coal Company* v. *Wheeling Public Service Company*, 106 W. Va. 206, 145 S. E. 272; *The Star Piano Company* v. *Brockmeyer*, 78 W. Va. 780, 90 S. E. 338; and *Willson* v. *Ice*, 78 W. Va. 672, 90 S. E. 272.

Commenting on the rule stated immediately above in the *Adkinson* case, the Court, in *Browning* v. *Monongahela Transport Company*, 126 W. Va. 195, 27 S. E. 2d 481, said: "The reasons for this rule, so far as they apply to the evidence, are familiar. The trial court has opportunities to observe many things in the course of a trial which the printed record presented to an appellate court does not disclose; and then there is, ordinarily, lack of finality in the action of setting aside a verdict and granting a new trial. All this leads to the rule that an appellate court is the more disposed to sustain a trial court in setting aside a verdict and granting a new trial, than when the action results in a final judgment on the matter in controversy."

As stated in *Rollins* v. *Daraban*, 145 W. Va. 178, 113 S. E. 2d 369, "It is fundamental that the judgment of the trial court in setting aside a verdict and awarding a new trial is entitled to peculiar weight and that its action in this respect will not be disturbed on appeal unless plainly unwarranted." Upon full consideration of the evidence in the record of the instant case we cannot say that the trial court's action in setting aside the verdict of the jury and awarding a new trial to the plaintiff was unwarranted. Nor did such court, in our opinion, abuse its discretion.

In view of our ruling in this case we deem it unnecessary to consider the remaining assignments of error. The judgment of the Circuit Court of Kanawha County is reversed and the case is remanded for a new trial.

*Reversed and remanded.*

HAYMOND, JUDGE, dissenting:

For the reasons stated later in this opinion, I dissent from the judgment of the majority of the Court which reverses the judgment of the circuit court and remands the case to the court of common pleas for a new trial at the instance of the plaintiffs.

Though I do not question the legal principles enunciated in the majority opinion, I challenge their application to the facts of this case as disclosed by the evidence. In my opinion there was sufficient evidence to support the verdict of the jury in favor of the defendant and the trial court was not warranted in setting aside the verdict and its action in so doing is unjustified and erroneous.

There were only three eyewitnesses, in addition to the plaintiff Myrtle Young, to the collision in which she sustained the injuries and the property damages of which the plaintiffs complain; and the questions involved are whether the defendant was guilty of negligence which was the proximate cause of the injury and damage and whether the plaintiff Myrtle Young was guilty of contributory negligence.

One witness, who was walking north on Thirty-third Street near the intersection with Noyes Avenue where the collision occurred and who saw the automoblie of the defendant approaching the intersection while leaving the hospital parking lot west on Thirty-third Street, testified that the defendant approached and came upon the intersection at a slow rate of speed and that he did not stop before entering the intersection. Even if the defendant did not stop his automobile before entering the intersection and even though the automobile driven by the plaintiff Myrtle Young was upon the intersection before the automobile driven by the defendant came upon the intersection, the fact that the defendant did not stop his automobile of itself may or may not have been the proximate cause

of the collision and was clearly a question for the jury. The prior arrival of the automobile driven by the plaintiff Myrtle Young upon the intersection gave her the right of way but though she had the right of way over the approaching automobile of the defendant that did not relieve her of her duty to exercise due care to avoid the collision, *Burdette* v. *Henson,* 96 W. Va. 31, 122 S. E. 356, 37 A. L. R. 489; *Vaughan* v. *Oates,* 128 W. Va. 554, 37 S. E. 2d 479; and *Adkins* v. *Smith,* 142 W. Va. 772, 98 S. E. 2d 712. The defendant testified positively that he did stop his automobile before entering Thirty-third Street and on that material question the evidence of the witness who saw him and the evidence of the defendant is conflicting. The evidence of the sister of Myrtle Young, who was riding in the right front seat of the automobile, was that she did not see the automobile of the defendant until just before the collision, in which the front end of the automobile of the defendant and the right rear fender of the automobile of the plaintiff were damaged. The plaintiff Myrtle Young testified that she did not see the automobile of the defendant before the collision, although it was clearly in her line of vision and almost directly in front of her. Who can say, except a jury, that, if she had seen the automobile of the defendant she could not have avoided the collision by the exercise of due care in the operation of her automobile. And even assuming that the defendant was negligent in not stopping his automobile, it is fair to assume that, if the plaintiff Myrtle Young had seen the automobile of the defendant and exercised due care in the operation of the automobile in which she was riding, no collision would have occurred. From the foregoing evidence it is clear to me that the questions of negligence upon the part of the defendant and contributory negligence upon the part of the plaintiff Myrtle Young were for the jury, and on that evidence the jury found for the defendant, which indicates that the jury believed that the defendant was not guilty of negligence which was the proximate cause of the injury or if he was guilty of such negligence that the plaintiff Myrtle Young was guilty of contributory negligence. As indicated the testimony of the plaintiff Myrtle Young that she did not see the auto-

mobile of the defendant before the collision, although she testified that she looked, was not disputed.

This Court has held in many cases that when the evidence is conflicting or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them, the questions of negligence and contributory negligence are for jury determination, *Sydenstricker* v. *Vannoy,* 151 W. Va. 177, 150 S. E. 2d 905, and the many cases cited in the opinion in that case.

This Court has also said that a person is required to look not casually but effectively to see an approaching vehicle which is plainly visible and should have been seen by such person if in looking he had exercised the care of a reasonably prudent person in like circumstances, *Brake* v. *Cerra,* 145 W. Va. 76, 112 S. E. 2d 466. It is obvious that if the plaintiff Myrtle Young had looked effectively, as she came down Noyes Avenue and as she approached its intersection with Thirty-third Street, she would have seen the automobile of the defendant, which was almost in front of her, as it came slowly out of the hospital parking lot and approached and came upon the intersection. One witness saw it clearly and described it in detail. The plaintiff Myrtle Young, whose automobile was driven toward the automobile of the defendant, would necessarily have seen it if she had looked properly. It can not be assumed, if she had seen the automobile of the defendant which she must have done if she had looked effectively, that she could not have avoided the collision by the exercise of due care. A person can not escape liability or be heard to say that he did not see a plainly visible object which he would have seen if he had looked effectively, *Brake* v. *Cerra,* 145 W. Va. 76, 112 S. E. 2d 466. The undisputed evidence that she did not see the automobile of the defendant before the collision tends to establish contributory negligence upon the part of the plaintiff Myrtle Young as a matter of law; but in any event the effect of her failure to see the automobile of the defendant, a plainly visible object, was clearly a question for the jury and the verdict rendered by the jury could reasonably be interpreted as a finding that she was guilty of contributory negligence.

The majority opinion speaks of physical facts and gives them dominant if not controlling effect. In my opinion there are no important physical facts, except the permanent objects at or near the scene of the accident and the damage to the front end of the automobile of the defendant and the damage to the right rear fender of the automobile of the plaintiff Myrtle Young, and such facts are not controlling on the question of the matter in which the collision occurred. The damaged condition of each automobile of itself does not prove negligence or contributory negligence or proximate cause. There were no fixed objects or marks to indicate the position of the automobiles when they collided, or how the collision happened, or who was at fault. The establishment of all these facts was by the oral testimony and not by any controlling physical facts. All the facts adverted to in the majority opinion as physical were established by and dependent on oral testimony of the witnesses and none of them, in my judgment, is decisive or should be given controlling effect upon the question of the manner in which the collision occurred or the liability of the persons involved in it. All such matters are dependent upon the testimony of the witnesses which, upon the question of negligence of the defendant, is conflicting, and which, upon the question of contributory negligence of the plaintiff Myrtle Young, though undisputed, is such that reasonable minds may draw different conclusions from it.

Inasmuch as under the evidence disclosed by the record the questions of negligence and contributory negligence were clearly for the jury and inasmuch as the verdict of the jury in favor of the defendant is supported by sufficient evidence, the action of the trial court, in setting aside the verdict and awarding a new trial, was erroneous and unwarranted; and the action of the circuit court in reversing the judgment of the trial court was correct and proper. For the reasons indicated I would affirm the judgment of the circuit court.

I am authorized to state that Judge Berry concurs in the views expressed in this dissent.