# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**September 3, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Benjamin Rogers,**
**Defendant Below, Petitioner**

**vs.)  No. 19-0513** (Doddridge County 17-C-3)

**Jessica L. Williamson,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Benjamin Rogers, by counsel David A. Mohler and William M. Lorensen, appeals the May 3, 2019, order of the Circuit Court of Doddridge County granting Respondent Jessica L. Williamson a new trial. Respondent, by counsel Daniel C. Cooper and Jamison H. Cooper, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 25, 2015, petitioner and respondent were involved in a motor vehicle accident at the intersection of Route 50 and Route 18 in Doddridge County, West Virginia. According to the West Virginia Uniform Crash Investigation Report ("accident report"), "[a]fter [an] investigation[,] this officer determined that the traffic signal was operating correctly and that vehicle number one or [vehicle] number two had [run the] traffic signal[;] however[,] due to conflicting statements[,] no fault has been determined[.]" In the accident report, the investigating officer, Michael Headley, Sheriff of Doddridge County, recorded the placement of the parties' vehicles in or just outside the intersection, but did not record the presence of any skid marks on the road.

1

On January 18, 2017, respondent filed a civil action against petitioner in the Circuit Court of Doddridge County, alleging that petitioner was responsible for causing the accident and her resultant injuries. Respondent took Sheriff Headley's deposition on May 9, 2017. Sheriff Headley testified that there were no skid marks for him to record in the accident report because "the rain had—between the rain and the fuel from [petitioner]'s truck running down, it would—it had washed everything out."

The circuit court held the trial in the underlying civil action on September 11 and 12, 2018. Petitioner testified that he had the green light, respondent ran the red light, and the collision occurred in the fast lane. Conversely, respondent testified that she had the green light, petitioner ran the red light, and the collision occurred in the slow lane. Over respondent's objection, the circuit court permitted petitioner to qualify Sheriff Headley as a liability expert regarding which party caused the January 25, 2015, accident based on Sheriff Headley's experience of investigating "hundreds" of accidents, including approximately "six to seven" accidents at the intersection of Route 50 and Route 18. Sheriff Headley testified that he received on-the-job training from an officer with the Parkersburg Police Department as to how to perform an accident investigation. On cross-examination, however, Sheriff Headley acknowledged that he was not an accident reconstructionist and that as an elected official, he was not required to undergo training at the West Virginia State Police Academy.

Following his qualification as an expert, Sheriff Headley testified that the point of impact was in the fast lane:

Q. As far as determination where the impact occurred on Route 50 the left lane versus—the left, fast lane versus the right slow lane, what was your opinion based on?

A. My opinion is . . . [that] it occurred in the fast lane due to the point of impact showing it was in the passing lane. There [were] marks on the road, very faint but there [were] marks there.

Q. In the fast lane?

A. In the fast lane.

Sheriff Headley further opined that respondent caused the parties' accident:

A. My opinion is that [respondent's vehicle] ran the light due to the point of impact beginning in the left lane, and I would estimate her speed [as] probably 65 to 68 [miles per hour], in there somewhere. Just a guess. That is only an opinion. I may be completely wrong. That is just my opinion that she ran the light.

Q. It is also based on your prior experience of investigating accidents at the very same intersection?

A. Yes.

Q.     And[,] that usually it is the drivers on Route 50 that run the red light?

A.     Yes. It is usually east and west drivers that run the lights when the accidents occur.

On cross-examination, Sheriff Headley acknowledged that he "did not make note" of the presence of any skid marks in the accident report, contrary to his testimony that there were very faint marks. Sheriff Headley further stated that he "[had] known [petitioner] for years" given that prior to his election, Sheriff Headley was petitioner's mailman.

Following trial, the jury returned a verdict in petitioner's favor, and the circuit court entered a judgment order memorializing the verdict on November 26, 2018. Thereafter, respondent filed a motion for a new trial pursuant to Rule 59(a) of the West Virginia Rules of Civil Procedure. Respondent argued that the circuit court's ruling to allow Sheriff Headley to offer an expert opinion as to which party caused the accident was erroneous and inconsistent with substantial justice.

Petitioner filed a response, and the circuit court held a January 19, 2019, hearing on the motion for a new trial. By order entered on May 3, 2019, the circuit court granted the motion for a new trial, finding as follows:

> [Sheriff Headley's] opinion expressed at trial was based solely on three things: (1) the location of the point of impact, which Sheriff Headley states that he recalled from over two years ago when it was completely absent from his report (which is unreliable); (2) his stated "guess" about [respondent's] speed (which is speculative); and (3) his belief that when other accidents happened at the same intersection, it is usually caused by someone running the light on Route 50 (which is irrelevant).

Accordingly, the circuit court concluded that Sheriff Headley's opinion that respondent caused the accident "could not assist the trier of fact" as "it was based on pure speculation" and that allowing the jury to hear Sheriff Headley's opinion as expert testimony was inconsistent with substantial justice.

Petitioner now appeals the circuit court's May 3, 2019, order. We review an order granting a new trial pursuant to Rule 59(a) under the following standard:

> "'It takes a stronger case in an appellate court to reverse a judgment awarding a new trial than one denying it and giving judgment against the party claiming to have been aggrieved.' Point 1, Syllabus, *The Star Piano Co. v. Brockmeyer*, 78 W. Va. 780[, 90 S.E. 338 (1916)]." Syl. pt. 2, *Young v. Duffield*, 152 W. Va. 283, 162 S.E.2d 285 (1968)[, *overruled on other grounds*, *Tennant v. Marion Health Care Foundation, Inc.*, 194 W. Va. 97, 459 S.E.2d 374 (1995)].
>
> "An appellate court is more disposed to affirm the action of a trial court in setting aside a verdict and granting a new trial than when such action results in a

final judgment denying a new trial." Syl. pt. 4, *Young v. Duffield*, 152 W. Va. 283, 162 S.E.2d 285 (1968)[, *overruled on other grounds*, *Tennant v. Marion Health Care Foundation, Inc.*, 194 W. Va. 97 459 S.E.2d 374 (1995)].

A motion for a new trial is governed by a different standard than a motion for [judgment as a matter of law pursuant to Rule 50 of the Rules of Civil Procedure]. When a trial judge vacates a jury verdict and awards a new trial pursuant to Rule 59 . . ., the trial judge has the authority to weigh the evidence and consider the credibility of the witnesses. If the trial judge finds the verdict is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice, the trial judge may set aside the verdict, even if supported by substantial evidence, and grant a new trial. A trial judge's decision to award a new trial is not subject to appellate review unless the trial judge abuses his or her discretion.

Syl. Pts. 1, 2, and 3, *In re State Public Bldg. Asbestos Litigation*, 193 W. Va. 119, 454 S.E.2d 413 (1994). "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done[.]" *Asbestos Litigation*, 193 W. Va. at 124, 454 S.E.2d at 418 (quoting 11 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure*, § 2803 at 32-33 (1973)) (Footnotes omitted).

As the motion for a new trial in the instant case concerned the admissibility of Sheriff Headley's opinion as to which party caused the accident, we have stated that "[a] trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard." Syl. Pt. 4, *State v. Rodoussakis*, 204 W. Va. 58, 511 S.E.2d 469 (1998). Similarly, "[t]he admissibility of testimony by an expert witness is a matter within the sound discretion of the trial court, and the trial court's decision will not be reversed unless it is clearly wrong." Syl. Pt. 6, *Helmick v. Potomac Edison Co.*, 185 W. Va. 269, 406 S.E.2d 700 (1991). Finally, Rule 702(a) of the Rules of Evidence provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise."

On appeal, the parties dispute whether Sheriff Headley was qualified as an expert based upon his experience and/or training as an investigator of motor vehicle accidents. We find that we need not resolve that dispute. Assuming, arguendo, that Sheriff Headley was properly qualified pursuant to Rule 702(a), we find that the accident report prepared by Sheriff Headley, Sheriff Headley's deposition testimony, and his trial testimony all indicate that his opinion that respondent caused the accident was speculative and unreliable.

To begin, Sheriff Headley did not record the presence of any skid marks on the road in the accident report. At Sheriff Headley's deposition, he explained that there were no skid marks because the rain and the fluids from petitioner's vehicle "washed everything out." At trial, Sheriff Headley testified that he could determine that the point of impact was in the fast lane based on "very faint" skid marks. However, Sheriff Headley acknowledged on cross-examination that he "did not make note" of any skid marks in the accident report, contrary to his

4

testimony that there were very faint marks. Sheriff Headley further admitted that his estimation of the speed that respondent was traveling was based on a "guess," not any measurement or calculation. Therefore, while petitioner argues that Sheriff Headley was qualified to give an expert opinion, we find it significant that Sheriff Headley testified that his opinion that respondent caused the accident could be "completely wrong." Accordingly, we conclude that Sheriff Headley's opinion did not assist the jury in determining which party caused the accident and, as a result, was inadmissible pursuant to Rule 702(a).

Nonetheless, petitioner argues that the jury's verdict in his favor should be reinstated based on an evaluation of the record as a whole. *See* Syl. Pt. 7, *Earl T. Browder, Inc. v. County Court of Webster County*, 145 W. Va. 696, 116 S.E.2d 867 (1960) (holding that an order granting a new trial "will be reversed by this Court where it appears that the case, as a whole, was fairly tried and no error prejudicial to the defendant was committed therein"). Petitioner further argues that in reviewing the jury's verdict, "all reasonable and legitimate inferences must be considered in favor of [the] party for whom the verdict was returned." *Shiel v. Ryu*, 203 W. Va. 40, 47, 506 S.E.2d 77, 84 (1998). Finally, petitioner argues that any error in admitting Sheriff Headley's opinion as expert testimony is harmless unless there is "grave doubt about the likely effect of an error on the jury's verdict." *Lacy v. CSX Transp. Inc.*, 205 W. Va. 630, 644, 520 S.E.2d 418, 432 (1999), *superseded by rule on other grounds as stated in Miller v. Allman*, 240 W. Va. 438, 813 S.E.2d 91 (2018) (quoting *Skaggs v. Elk Run Coal Co., Inc.*, 198 W.Va. 51, 71, 479 S.E.2d 561, 581 (1996) (Other internal citations omitted).

Respondent counters that the error in admitting Sheriff Headley's opinion as expert testimony was prejudicial because it affected the jury's decision-making process to such an extent that substantial justice was not done. *See Asbestos Litigation*, 193 W. Va. at 124, 454 S.E.2d at 418. Respondent further argues that this Court has no way of evaluating the record as a whole because petitioner failed to include the complete trial transcript in the appellate record.

Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." Petitioner argues that certain parts of respondent's testimony regarding the conditions at the time of the accident (wet or dry) and the extent of her injuries caused the jury to find that respondent's testimony was not credible as a general matter. However, while the appellate record includes petitioner's trial testimony and Sheriff Headley's trial testimony, it does not include respondent's trial testimony. Therefore, pursuant to Rule 10(c)(7), we decline to address petitioner's argument that the jury found respondent's testimony not credible. *See State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994) (stating that we must "take as non[-]existing all facts that do not appear in the [appellate] record and will ignore those issues where the missing record is needed to give factual support to the claim").

Based on our review of the appellate record, we find that allowing the jury to hear, as expert testimony, Sheriff Headley's opinion that respondent caused the accident was prejudicial error and inconsistent with substantial justice. Accordingly, we conclude that the circuit court did not abuse its discretion in granting respondent a new trial.

For the foregoing reasons, we affirm the circuit court's May 3, 2019, order granting respondent's motion for a new trial.

Affirmed.

**ISSUED:** September 3, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison